KATHARINE VAN DUSEN (State Bar No. 276021)
KENNETH NABITY (State Bar No. 287927)
DONOVAN L. BONNER (State Bar No. 329593)
COBLENTZ PATCH DUFFY & BASS LLP
One Montgomery Street, Suite 3000
San Francisco, California 94104-5500
Telephone: 415.391.4800
Facsimile: 415.989.1663
Email:    ef-ktv@cpdb.com
          ef-kpn@cpdb.com
          ef-dlb@cpdb.com

Attorneys for Defendant
THE CITY OF OAKLAND, CALIFORNIA

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| ANNE KIRKPATRICK, an individual,<br><br>    Plaintiff,<br><br>    v.<br><br>THE CITY OF OAKLAND, CALIFORNIA,<br>a public corporation,<br><br>    Defendant. | Case No. 3:20-cv-05843-JSC<br><br>**DEFENDANT CITY OF OAKLAND'S ANSWER TO COMPLAINT FOR RETALIATORY DISCHARGE, CALIFORNIA LABOR CODE § 1102.5, AND VIOLATION OF FEDERAL CONSTITUTIONAL RIGHTS, 42 U.S.C. § 1983**<br><br>**DEMAND FOR JURY TRIAL** |

Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Defendant City of Oakland ("Defendant" or the "City") answers the Verified Complaint of Plaintiff ("Plaintiff"). If an averment is not specifically admitted, it is denied.

## ANSWER TO COMPLAINT

## NATURE OF THE CASE

1. Answering Paragraph 1, Defendant admits the allegations contained therein.

2. Answering Paragraph 2, Defendant denies each and every allegation contained therein.

3. Answering Paragraph 3, Defendant admits that Plaintiff sent emails in which she stated concerns about alleged conduct of certain Commissioners. Except as expressly admitted herein, Defendant denies each and every allegation contained therein.

4. Answering Paragraph 4, Defendant denies each and every allegation contained therein.

## THE PARTIES

5. Answering Paragraph 5, Defendant lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis denies such allegations.

6. Answering Paragraph 6, Defendant admits the allegations contained therein.

## JURISDICTION

7. Answering Paragraph 7, Defendant states that the allegations in Paragraph 7 consist entirely of legal conclusions, to which no response is required. To the extent a response is required, Defendant denies the allegations.

8. Answering Paragraph 8, Defendant states that the allegations in Paragraph 8 consist entirely of legal conclusions, to which no response is required. To the extent a response is required, Defendant denies the allegations.

9. Answering Paragraph 9, Defendant states that the allegations in Paragraph 9 consist entirely of legal conclusions, to which no response is required. To the extent a response is required, Defendant denies the allegations.

## VENUE

10. Answering Paragraph 10, Defendant states that the allegations in Paragraph 10 consist entirely of legal conclusions, to which no response is required. To the extent a response is required, Defendant denies the allegations.

## INTRADISTRICT ASSIGNMENT

11. Answering Paragraph 11, Defendant states that the allegations in Paragraph 11 consist entirely of legal conclusions, to which no response is required. To the extent a response is required, Defendant denies the allegations.

## CLAIM PRESENTATION

12. Answering Paragraph 12, Defendant admits that Plaintiff's counsel sent a document to the City Attorney on or about May 6, 2020 that included Plaintiff's name and post office

address, the post office address for notices related to the claim, a date and location of incident, and a narrative description consisting of 14 pages of text, including a statement that "[t]he total amount of the Chief's claim exceeds the jurisdictional minimum for an unlimited civil case in the Superior Court of California." Except as expressly admitted herein, Defendant denies each and every allegation contained therein.

13. Answering Paragraph 13, Defendant admits that Defendant sent a letter on June 25, 2020 rejecting Plaintiff's claim. Except as expressly admitted herein, Defendant denies each and every allegation contained therein.

## FACTUAL ALLEGATIONS

14. Answering Paragraph 14, Defendant admits that Plaintiff started her term as Chief of Police for Defendant on February 27, 2017. Except as expressly admitted herein, Defendant denies each and every allegation contained therein.

15. Answering Paragraph 15, Defendant admits that Measure LL was approved by Oakland residents in the November 2016 election and created the Oakland Police Commission. Except as expressly admitted herein, Defendant denies each and every allegation contained therein.

16. Answering Paragraph 16, Defendant admits that the Commission is mandated to, among other things, oversee, review, and reform OPD's policies, procedures, customs, and General Orders. Defendants admits that this is summary of six areas, among a much more expansive list, of responsibility and authority granted to the Police Commission. Except as expressly admitted, Defendant denies each and every allegation contained in Paragraph 16.

   i) Answering Paragraph 16(i), Defendant admits this is one of many powers granted to the Police Commission.

   ii) Answering Paragraph 16(ii), Defendant admits this is one of many powers granted to the Police Commission.

   iii) Answering Paragraph 16(iii), Defendant admits this is one of many powers granted to the Police Commission.

   iv) Answering Paragraph 16(iv), Defendant admits this is one of many powers granted to the Police Commission.

          v)        Answering Paragraph 16(v), Defendant admits this is one of many powers granted to the Police Commission.

          vi)        Answering Paragraph 16(vi), Defendant admits this is one of many powers granted to the Police Commission.

17.        Answering Paragraph 17, Defendant admits that Measure LL provides the Police Commission with the authority: "Acting separately or jointly with the Mayor, remove the Chief of Police by a vote of note less than five affirmative votes. If acting separately, the Commission may remove the Chief of Police only after adopting a finding or findings of cause, which shall be defined by City ordinance…. The Commission, with the assistance of the City Administrator, shall prepare and distribute a job announcement, and prepare a list of at least four candidates and transmit the names and relevant background materials to the Mayor. The Mayor shall appoint one person from this list, or reject the list in its entirety and request a new list from the Commission." Except as expressly admitted herein, Defendant denies each and every allegation contained therein.

18.        Answering Paragraph 18, Defendant admits that the Oakland Police Commission was established to "oversee the Oakland Police Department…in order to ensure that its policies, practices, and customs conform to national standards of constitutional policing." "Acting separately or jointly with the Mayor, remove the Chief of Police by a vote of not less than five affirmative votes." Except as expressly admitted herein, Defendant denies each and every allegation contained therein.

19.        Answering Paragraph 19, Defendant admits that the Police Commission's authority is set forth in Measure LL. Except as expressly admitted herein, Defendant denies each and every allegation contained therein.

20.        Answering Paragraph 20, Defendant admits the allegations contained therein.

21.        Answering Paragraph 21, Defendant denies each and every allegation contained therein.

22.        Answering Paragraph 21, Defendant denies each and every allegation contained therein.

23. Answering Paragraph 23, Defendant denies each and every allegation contained therein.

24. Answering Paragraph 24, Defendant denies each and every allegation contained therein.

25. Answering Paragraph 25, Defendant admits that at least some "successes and improvements" occurred during Chief Kirkpatrick's tenure.  Except as expressly admitted herein, Defendant denies each and every allegation contained therein.

26. Answering Paragraph 26, Defendant denies each and every allegation contained therein.

27. Answering Paragraph 27, Defendant admits that Plaintiff submitted reports of alleged Police Commissioner conduct to the Oakland City Attorney's Office, the City Administrator, and the Mayor of Oakland.  Except as expressly admitted herein, Defendant denies each and every allegation contained therein.

28. Answering Paragraph 31, Defendant denies each and every allegation contained therein.

29. Answering Paragraph 29, Defendant denies each and every allegation contained therein.

30. Answering Paragraph 30, Defendant admits the allegations contained therein.

31. Answering Paragraph 31, Defendant admits that, following the meeting, the Neighborhood Services Supervisor sent an email stating that Commissioner Harris "wanted to know the hiring process and demanded various documents."  Except as expressly admitted herein, Defendant denies each and every allegation contained therein.

32. Answering Paragraph 32, Defendant admits that, following the meeting, the Neighborhood Services Supervisor sent an email stating that Commissioner Harris "mentioned how she had a history of having people fired and how NSCs should be Oakland residents."  Except as expressly admitted herein, Defendant denies each and every allegation contained therein.

33. Answering Paragraph 33, Defendant admits that following the meeting, the Neighborhood Services Supervisor sent an email stating that Commissioner Dorado "mentioned

the Ghost ship fire could have been prevented had the NSC did her job."  Except as expressly admitted herein, Defendant denies each and every allegation contained therein.

34. Answering Paragraph 34, Defendant admits that on March 9, 2018, Plaintiff forwarded the Neighborhood Services Supervisor's email to City Administrator Sabrina Landreth and City Attorney Barbara Parker, among others, stating that "I am moving this up to your level due to the seriousness of the issues described below—particularly the reference to the Ghost Ship fire."  Except as expressly admitted herein, Defendant denies each and every allegation contained therein.

35. Answering Paragraph 35, Defendant denies each and every allegation contained therein.

36. Answering Paragraph 36, Defendant denies each and every allegation contained therein.

37. Answering Paragraph 37, Defendant admits that on September 17, 2018, Officer Watson informed Plaintiff that Commissioner Harris was raising some questions about tow fees, and Plaintiff directed Officer Watson to bring Commissioner Harris to meet with her.  Except as expressly admitted herein, Defendant denies each and every allegation contained therein.

38. Answering Paragraph 38, Defendant admits the allegations contained therein.

39. Answering Paragraph 39, Defendant denies each and every allegation contained therein.

40. Answering Paragraph 40, Defendant denies each and every allegation contained therein.

41. Answering Paragraph 41, Defendant lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis denies such allegations.

42. Answering Paragraph 42, Defendant admits that Plaintiff asked Officer Watson to bring Commissioner Harris to Plaintiff's office.  Except as expressly admitted herein, Defendant denies each and every allegation contained therein.

43. Answering Paragraph 43, Defendant admits Commissioner Harris stated that she did not intend to nor did she ask anyone to waive any fees, and Commissioner Harris did not ultimately obtain any waiver of fees. Except as expressly admitted herein, Defendant denies each and every allegation contained therein.

44. Answering Paragraph 44, Defendant denies each and every allegation contained therein.

45. Answering Paragraph 45, Defendant admits Plaintiff sent emails to the City Attorney's Office, the City Administrator, and the Mayor of Oakland. Defendant admits that Plaintiff wrote that Commissioner Harris was "bullying" her staff and expressed concerns regarding retaliation. Except as expressly admitted herein, Defendant denies each and every allegation contained therein.

46. Answering Paragraph 46, Defendant admits that on March 28, 2019, Alameda County Public Defender Brendon Woods addressed a Police Commission meeting that Plaintiff attended. Defendant admits that Commissioner Harris stated to Mr. Woods, "[y]ou have the skin color of a black man, but that don't mean you live like a black man." Except as expressly admitted herein, Defendant denies each and every allegation contained therein.

47. Answering Paragraph 47, Defendant admits Alameda County Public Defender Brendon Woods provided the Police Commission with a personal story. Defendant lacks sufficient knowledge or information to form a belief concerning the truth of the remaining factual allegations and on that basis denies such allegations.

48. Answering Paragraph 48, Defendant admits that Plaintiff sent an email to attorneys with the City Attorney's Office, copying the City Administrator, with the subject "Potential Complaint regarding Unacceptable Racial Remark" and that in the email, Plaintiff wrote "It was so unacceptable that I personally apologized to Mr. Wood." Except as expressly admitted herein, Defendant denies each and every allegation contained therein.

49. Answering Paragraph 49, Defendant lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis denies such allegations.

50. Answering Paragraph 50, Defendant admits that the last line of Plaintiff's email stated "I am concerned that the Police Commission could be retaliatory toward me for reporting this to you." Except as expressly admitted herein, Defendant denies each and every allegation contained therein.

51. Answering Paragraph 51, Defendant denies each and every allegation contained therein.

52. Answering Paragraph 52, Defendant admits that Sergeant Smith met with Plaintiff in or around October 2018, and admits that Captain Bassett oversaw the OPD Academy at the time. Except as expressly admitted herein, Defendant denies each and every allegation contained therein.

53. Answering Paragraph 53, Defendant admits that Gleason was the Deputy Director of the Bureau of Support Services. Except as expressly admitted herein, Defendant denies each and every allegation contained therein.

54. Answering Paragraph 54, Defendant lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis denies such allegations.

55. Answering Paragraph 55, Defendant admits that the OBOA sent an open letter, in or about December 2018, which criticized the Department for "rejecting qualified minority candidates for very minor issues" and stated that Sergeant Smith "met with Chief Kirkpatrick on behalf of the OBOA to address these issues." Except as expressly admitted herein, Defendant denies each and every allegation contained therein.

56. Answering Paragraph 56, Defendant denies each and every allegation contained therein.

57. Answering Paragraph 57, Defendant admits that Plaintiff sent an email to Mayor Schaaf and the City Administrator stating "It is my understanding that employment law prevents me from addressing IA information. I am being challenged as insubordinate. I will not put up with this." Except as expressly admitted herein, Defendant denies each and every allegation contained therein.

58. Answering Paragraph 58, Defendant admits that on May 29, Commissioner Harris sent an email to Plaintiff, among others, "requesting the presence and support of Deputy Chief Armstrong, in participating in the Commission Meetings as well as in drafting the policies that the Police Commission is revising." Commissioner Harris wrote that "As you are aware I often have many question in regards to East Oakland that I believe and trust that Deputy Armstrong can answer. I do appreciate your staff that you bring to the meetings, however they are not from East Oakland or Oakland period. I am a firm believer that you can only be an expert if you have experienced it." Except as expressly admitted herein, Defendant denies each and every allegation contained therein.

59. Answering Paragraph 59, Defendant admits the allegations contained therein.

60. Answering Paragraph 60, Defendant admits that Chair Jackson wrote to Plaintiff, among others, stating "Thanks for your update. I believe that there is value in DC Armstrong attending our meetings based upon his experience both in the neighborhoods and expertise in community engagement. We would like to have DC Armstrong be the liaison whether he likes it or not. Our interest is to have the consistency of knowledge that DC Armstrong has displayed from the beginning. East Oakland is arguably the most dangerous section of Oakland. East Oakland is overlooked, under resourced and has the greatest gap around community trust. Hope you understand that this is a Police Commission request." Except as expressly admitted herein, Defendant denies each and every allegation contained therein.

61. Answering Paragraph 61, Defendant admits that Plaintiff sent an email or June 5, 2019 to the City Administrator and to an attorney within the City Attorney's Office concerning the Police Commission request of Deputy Chief Armstrong. Except as expressly admitted herein, Defendant denies each and every allegation contained therein.

62. Answering Paragraph 62, Defendant denies each and every allegation contained therein.

63. Answering Paragraph 63, Defendant denies each and every allegation contained therein.

64. Answering Paragraph 64, Defendant denies each and every allegation contained therein.

65. Answering Paragraph 65, Defendant admits that Robert Warshaw serves as a court-appointed federal monitor.  Except as expressly admitted herein, Defendant denies each and every allegation contained therein.

66. Answering Paragraph 66, Defendant denies each and every allegation contained therein.

67. Answering Paragraph 67, Defendant admits that the Police Commission issued a subpoena for communications "related to the investigation of the Community Police Review Agency's Investigation into the shooting death of Joshua Pawlik."  Defendant further admits that the Police Commission is vested with subpoena power.  Defendant further admits that Plaintiff provided subpoenaed materials in a sealed envelope to Director Nisparos.  Except as expressly admitted herein, Defendant denies each and every allegation contained therein.

68. Answering Paragraph 68, Defendant denies each and every allegation contained therein.

69. Answering Paragraph 69, Defendant denies each and every allegation contained therein.

70. Answering Paragraph 70, Defendant admits that Ms. Gleason was scheduled to and did deliver her report on OPD's efforts to increase diversity and inclusion in its hiring practices on October 10, 2019.  Plaintiff was in attendance at that meeting.  Except as expressly admitted herein, Defendant denies each and every allegation contained therein.

71. Answering Paragraph 71, Defendant admits that Plaintiff told Ms. Gleason "you may go" during Ms. Gleason's presentation to the Police Commission, and that Plaintiff told the Police Commission "I am not going to have… you speak to our staff in that manner."  Defendant further admits that Plaintiff informed the Police Commission that "you owe [Ms. Gleason] an apology," and that Commissioner Harris stated "She will not get one from me.  And neither will you."  Except as expressly admitted herein, Defendant denies each and every allegation contained therein.

72. Answering Paragraph 72, Defendant admits that Plaintiff wrote an email with the subject "Formal Complaint against the Oakland Police Commission" addressed to City Attorney Parker and City Administrator Landreth, among others.  Defendant further admits that the email stated, among other things, that "Last Night there were two events that were uncalled for," that "John Alden asked to speak with me privately in my office and said what he observed was 'horrfying,'" that in an earlier meeting John Alden "said he thought it was personal," and that she believed placing the OBOA Investigation Update on the Agenda was "troubling."  The email also stated that Ms. Gleason cancelled her "pre-approved vacation" and that Deputy Chief Armstrong said "'it was personal' on their part."  Except as expressly admitted herein, Defendant denies each and every allegation contained therein.

73. Answering Paragraph 73, Defendant admits that Plaintiff wrote she thought "at least some of this behavior is in retaliation for an issue I brought forward about Commissioner Harris."  The email listed the OPD staff present at the meeting.  Except as expressly admitted herein, Defendant denies each and every allegation contained therein.

74. Answering Paragraph 74, Defendant admits that Councilmember Kaplan provided a "Confidential Memorandum" concerning "proposed Scope of Investigation and Investigation Plan," which she stated had been obtained from a reporter, and which document is available in a Supplemental Report to the January 28, 2020 Public Safety Commission meeting.  Except as expressly admitted herein, Defendant denies each and every allegation contained therein.

75. Answering Paragraph 75, Defendant admits that Plaintiff was interviewed by an investigations team and that she was a witness, directly or indirectly, to events under investigation.  Except as expressly admitted herein, Defendant denies each and every allegation contained therein.

76. Answering Paragraph 76, Defendant admits that an article appeared in the *Oakland Post* describing the investigation and stated that "repeated moves by the Chief of Police Anne Kirkpatrick and the City Administrator Sabrina Landreth against Oakland Police Commission Vice Chair Ginale Harris."  Except as expressly admitted herein, Defendant denies each and every allegation contained therein.

77. Answering Paragraph 77, Defendant admits that Mayor Schaaf informed Plaintiff that she was being terminated, and asked her not to return to work. Except as expressly admitted herein, Defendant denies each and every allegation contained therein.

78. Answering Paragraph 78, Defendant admits that Mayor Schaaf informed Plaintiff that she was terminated. Except as expressly admitted herein, Defendant denies each and every allegation contained therein.

## FIRST CAUSE OF ACTION
## FOR RETALIATORY DISCHARGE, CALIFORNIA LABOR CODE § 1102.5

79. Answering Paragraph 79, Defendant incorporates its responses to all preceding paragraphs as if fully set forth herein.

80. Answering Paragraph 80, Defendant admits the allegations contained therein.

81. Answering Paragraph 81, Defendant admits that Plaintiff made allegations of Police Commissioner misconduct to her employer the City of Oakland, a public body. Except as expressly admitted herein, Defendant denies each and every allegation contained therein.

   i) Answering Paragraph 81(i), Defendant admits that Plaintiff passed along allegations related to Commissioners Harris's and Dorado's meeting with OPD Neighborhood Services Coordinators. Except as expressly admitted herein, Defendant denies each and every allegation contained therein.

   ii) Answering Paragraph 81(ii), Defendant admits that Plaintiff sent an email, forwarding an exchange with Commissioner Harris and alleging that Commissioner Harris engaged in "bullying behavior." Except as expressly admitted herein, Defendant denies each and every allegation contained therein.

   iii) Answering Paragraph 81(iii), Defendant denies each and every allegation contained therein.

   iv) Answering Paragraph 81(iv), Defendant denies each and every allegation contained therein.

82. Answering Paragraph 82, Defendant denies each and every allegation contained therein.

    i)  Answering Paragraph 82(i), Defendant denies each and every allegation contained therein.

    ii)  Answering Paragraph 82(ii), Defendant denies each and every allegation contained therein.

    iii)  Answering Paragraph 82(iii), Defendant denies each and every allegation contained therein.

  83.  Answering Paragraph 83, Defendant admits the allegations contained therein.

  84.  Answering Paragraph 84, Defendant denies each and every allegation contained therein.

  85.  Answering Paragraph 85, Defendant denies each and every allegation contained therein.

    i)  Answering Paragraph 85(i), Defendant denies each and every allegation contained therein.

    ii)  Answering Paragraph 85(ii), Defendant denies each and every allegation contained therein.

    iii)  Answering Paragraph 85(iii), Defendant denies each and every allegation contained therein.

## SECOND CAUSE OF ACTION
## FOR VIOLATION OF FIRST AMENDMENT RIGHTS, 42 U.S.C. § 1983

  86.  Answering Paragraph 86, Defendant incorporates its responses to all preceding paragraphs as if fully set forth herein.

  87.  Answering Paragraph 87, Defendant responds that the allegations consist of legal conclusions to which no response is required.  To the extent a response is required, Defendant denies each and every allegation contained therein.

  88.  Answering Paragraph 88, Defendant responds that the allegations consist of legal conclusions to which no response is required.  To the extent a response is required, Defendant denies each and every allegation contained therein.

89. Answering Paragraph 89, Defendant responds that the allegations consist of legal conclusions to which no response is required.  To the extent a response is required, Defendant denies each and every allegation contained therein.

90. Answering Paragraph 90, Defendant responds that the allegations consist of legal conclusions to which no response is required.  To the extent a response is required, Defendant denies each and every allegation contained therein.

91. Answering Paragraph 91, Defendant responds that the allegations consist of legal conclusions to which no response is required.  To the extent a response is required, Defendant denies each and every allegation contained therein.

92. Answering Paragraph 92, Defendant responds that the allegations consist of legal conclusions to which no response is required.  To the extent a response is required, Defendant denies each and every allegation contained therein.

93. Answering Paragraph 93, Defendant denies each and every allegation contained therein.

    i) Answering Paragraph 93(i), Defendant denies each and every allegation contained therein.

    ii) Answering Paragraph 93(ii), Defendant denies each and every allegation contained therein.

    iii) Answering Paragraph (iii), Defendant denies each and every allegation contained therein.

## PRAYER FOR RELIEF

As to Plaintiff's Prayer for Relief, Defendant denies that Plaintiff is entitled to any of the relief she seeks or any relief whatsoever.

## AFFIRMATIVE DEFENSES

Defendant pleads the following separate defenses.  Defendant reserves the right to assert additional affirmative defenses that discovery indicates are proper.

### FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

1. The Complaint fails to state facts sufficient to constitute a cause of action.

### SECOND AFFIRMATIVE DEFENSE

### (Lack of Knowledge of Retaliation)

2. The City had no knowledge of the alleged retaliation claimed in the Complaint.

### THIRD AFFIRMATIVE DEFENSE

### (Actions Taken In Good Faith For Legitimate Reasons)

3. The City's actions were consistent with reasonable policies and practices, undertaken in good faith based on reasonable consideration of the facts and exercise of the City's discretion, and Plaintiff's actions were detrimental to the legitimate interests of the City.

### FOURTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

4. The Complaint, and each of its causes of action, is barred, in whole or in part, by the applicable statutes of limitations, including California Code of Civil Procedure sections 335.1, 337(a), 338(a), 338(d), 340, 342, and California Government Code section 945.6.

### FIFTH AFFIRMATIVE DEFENSE

### (Action Would Have Occurred For Legitimate, Independent Reasons – Section 1102.6)

5. Even if the City took the actions alleged in the Complaint, the City would have taken the same alleged action for legitimate, independent reasons, under Labor Code section 1102.6.

### SIXTH AFFIRMATIVE DEFENSE

### (Same Decision)

6. The City did not engage in the alleged retaliation set forth in the Complaint. But, even assuming it had, the City would have taken the same employment actions in any event for legitimate, non-discriminatory, non-retaliatory reasons.

**SEVENTH AFFIRMATIVE DEFENSE**

**(After-Acquired Evidence Doctrine)**

7. The Complaint, and each of its causes of action, is barred, in whole or in part, by the after-acquired evidence doctrine, including but not limited to reports concerning Plaintiff's conduct during the course and scope of her employment.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Governmental Immunity)**

8. The City is immune from any claim for damages pursuant to California Government Code sections 815, 815.2, 815.6, 818, 818.2, 818.8, 820, 820.2, 820.4, 820.6, 820.8, 820.9, 821, 821.2, 821.6, and 822.2.

**NINTH AFFIRMATIVE DEFENSE**

**(Adequate Remedies At Law)**

9. Plaintiff's request for declaratory or other equitable relief fails because she has adequate remedies at law.

**TENTH AFFIRMATIVE DEFENSE**

**(Pre-Existing Or Alternative Emotional Distress or Injury)**

10. To the extent that Plaintiff has suffered any symptoms of mental or emotional distress or injury, such symptoms result from a pre-existing or other alternative concurrent cause, and not any act or omission of the City.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Acts of Government Officials in Conformance with Law)**

11. The City alleges that its acts and conduct did not violate clearly established statutory or constitutional rights of Plaintiff of which a reasonable person would have known. Furthermore, the City reasonably believed in good faith that its acts and conduct were constitutional. (*See Harlow v. Fitzgerald*, 457 U.S. 800, 812 (1982); *Smiddy v. Varney*, 665 F.2d 261, 266 (9th. Cir. 1981).)

## TWELFTH AFFIRMATIVE DEFENSE

### (Estoppel and Waiver)

12. Plaintiff is barred in whole or in part from prosecuting the purported causes of action set forth in the Complaint by the doctrines of estoppel and waiver, including arising out of the parties' respective contractual obligations.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Failure to Exhaust Administrative Remedies)

13. Plaintiff failed to exhaust her administrative remedies.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Consistency With Employment Agreement)

14. Plaintiff's employment agreement with the City provided that Plaintiff could be terminated with or without good cause, and without prior notice. The City at all times acted in conformity with the terms of the employment agreement.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

15. Plaintiff's claims are barred, in whole or in part, for her failure to mitigate any purported damages.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (No Constitutional Deprivation)

16. The Complaint fails to state a cause of action against these the City, pursuant to *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978), because there can be no recovery for a federal civil rights violation when there is no constitutional deprivation occurring pursuant to governmental custom or policy.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Ongoing Investigation)

17. The City has not yet completed a thorough investigation or study or completed the discovery of all the facts and circumstances of the subject matter of the Complaint and, accordingly, reserve the right to amend, modify, revise or supplement its answer and to plead such

1  other defenses and take such other further actions as it may deem proper and necessary in its
2  defense upon completion of its investigation and discovery.

### PRAYER

WHEREFORE, Defendant prays for relief as follows:

1. That the Complaint be dismissed, with prejudice and in its entirety;
2. That Plaintiff take nothing by reason of her Complaint and that judgment be entered against Plaintiff and in favor of Defendant;
3. That Defendant be awarded its costs and expenses incurred in defending this action; and
4. That Defendant be granted such other and further relief as the Court may deem just and proper.

### DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b) and Civil L.R. 3-6, Defendant demands a trial by jury of any and all issues in this action so triable of right.

DATED:  October 12, 2020                COBLENTZ PATCH DUFFY & BASS LLP


By:  */s/ Katharine Van Dusen*
     KATHARINE VAN DUSEN
     Attorneys for Defendant
     THE CITY OF OAKLAND, CALIFORNIA

COBLENTZ PATCH DUFFY & BASS LLP
One Montgomery Street, Suite 3000, San Francisco, California 94104-5500
415.391.4800 • Fax 415.989.1663

16150.004 4851-1585-5049                 18                 Case No. 3:20-cv-05843-JSC
**DEFENDANT CITY OF OAKLAND'S ANSWER TO COMPLAINT**