KEKER, VAN NEST & PETERS LLP
JOHN W. KEKER - # 49092
jkeker@keker.com
R. JAMES SLAUGHTER - # 192813
rslaughter@keker.com
BRYN WILLIAMS - # 301699
bwilliams@keker.com
NICHOLAS GREEN - # 323959
ngreen@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:    415 391 5400
Facsimile:    415 397 7188

Attorneys for Plaintiff ANNE KIRKPATRICK

KATHARINE VAN DUSEN (State Bar No. 276021)
KENNETH NABITY (State Bar No. 287927)
DONOVAN L. BONNER (State Bar No. 329593)
COBLENTZ PATCH DUFFY & BASS LLP
One Montgomery Street, Suite 3000
San Francisco, CA 94104-5500
Telephone: 415-391-4800
Facsimile: 415-989-1663
Email:    ef-ktv@cpdb.com
          ef-kpn@cpdb.com
          ef-dlb@cpdb.com

Attorneys for Defendant THE CITY OF OAKLAND, CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ANNE KIRKPATRICK,<br><br>Plaintiff,<br><br>v.<br><br>THE CITY OF OAKLAND, CALIFORNIA, a public corporation,<br><br>Defendant. | Case No. 20-cv-05843<br><br>**UPDATED JOINT CASE MANAGEMENT STATEMENT**<br><br>Date:    March 25, 2021<br>Time:    1:30 p.m.<br>Judge:   Hon. Jacqueline S. Corley<br><br>Date Filed: August 19, 2020<br><br>Trial Date: May 16, 2022 |

Pursuant to Fed. R. Civ. P. 26(f) and 16, Local Rule 16-10(d), the Court's Standing Order governing case management statements, and the Court's November 19, 2020 Civil Pretrial Order, Plaintiff Anne Kirkpatrick ("Plaintiff") and Defendant the City of Oakland, California ("Defendant" or "the City"), hereby submit the following Updated Joint Case Management Statement. The Parties incorporate by reference their prior Joint Case Management Statement and provide this report regarding progress of this matter since the November 19, 2020 Case Management Conference.

## I. EARLY SETTLEMENT CONFERENCE

The parties engaged in an Early Settlement Conference before Chief Magistrate Judge Spero on February 10, 2020 (*see* Dkt. 30). The parties did not resolve the dispute but remain open to further alternative dispute resolution efforts with Judge Spero after the parties engage in more substantive discovery.

## II. DISCOVERY

### A. Status of Discovery.

The Parties have completed initial disclosures under General Order 71 and begun formal discovery. Both sides have served interrogatories and requests for production and agreed to forego privilege logging for communications between litigation counsel and each respective party. Chief Kirkpatrick has also served third-party discovery on Robert Warshaw, the independent monitor overseeing the Oakland Police Department's compliance with the terms of the Negotiated Settlement Agreement in *Allen v. City of Oakland*. Chief Kirkpatrick has met and conferred by telephone with counsel for Mr. Warshaw regarding the scope of her requests and the return date for production of responsive materials. Although these discussions have been productive, it is likely that issues related to Chief Kirkpatrick's requests for documents from Mr. Warshaw will require Court intervention.

The Court has entered a stipulated Protective Order in this case (Dkt. 23), and the parties are finalizing a stipulation regarding electronically stored information.

**B.     Discovery Disputes.**

Plaintiff's Position

Chief Kirkpatrick has several concerns regarding the City's document production. While the City's production is not complete, to date Plaintiff has received very few documents going to the heart of the dispute – the City's reasons for terminating Chief Kirkpatrick. Perhaps most strikingly, the City has not produced a meaningful volume of email communications. For example, almost none of the materials the City has produced show communications between decisionmakers related to the Chief Kirkpatrick's termination. Indeed, the City appears to have produced only *thirty-four* documents which list Police Commissioner Ginale Harris as the custodian, none of which substantively discuss the Police Commission's decision to terminate Chief Kirkpatrick. Likewise, the City appears to have produced only *thirty-eight* documents which list Police Commissioner Regina Jackson as a custodian (again, none substantively discuss the City's decision to terminate Chief Kirkpatrick). Without a meaningful production of relevant materials related to the City's decision to terminate the Chief or its evaluation of her job performance, Chief Kirkpatrick is not in a position to begin conducting depositions.

The City has also flatly refused to collect documents from a set of custodians who undoubtedly have responsive documents. Specifically, the City has refused to collect, review and produce documents and communication in the possession or custody of the Oakland City Attorney's Office. Members of the City Attorney's Office attended many of the meetings identified in the Complaint and Chief Kirkpatrick had countless conversations and communications with members of the City Attorney's Office reporting her concerns about the unlawful and inappropriate conduct of the Police Commission and its members. Members of the City Attorney's Office are essential witnesses and there is no basis upon which to refuse to collect responsive documents. To the extent such materials may be privileged, Chief Kirkpatrick expects that the City will produce a privilege log that complies with Fed. R. Civ. P. 26 and the Court's standing orders.

The City has also refused to collect and review documents and text messages from custodians' personal devices including laptops, cellphones, and personal email accounts. In

particular, given their volunteer and part-time status, a search and review of personal devices is necessary for Police Commissioners. To date, the City has refused to conduct such a review.

The parties also disagree with respect to the relevance of certain of Chief Kirkpatrick's performance evaluations. Discovery and initial disclosures indicate that the City intends to pursue a "same-decision" defense asserting, *inter alia*, that the City's dissatisfaction with Chief Kirkpatrick's job performance was the basis for her termination. Chief Kirkpatrick contends that, accordingly, all documents that substantively discuss Chief Kirkpatrick's job performance are relevant and responsive to her requests for production. The City has taken a narrower view of relevant performance evaluations.

Chief Kirkpatrick will work in good faith with the City to resolve these disputes, but document discovery is crucial in an employment suit based on retaliatory discharge. If these disputes cannot be resolved, Chief Kirkpatrick will seek Court intervention.

Defendant's Position:

There are no active discovery disputes for the Court to consider. The Parties have agreed that the City will produce responsive documents in its possession by May 15, 2021. The City has collected over four million documents from 45 custodians, and because the majority of these will not be responsive, is working to narrow the scope of this set through reasonable search terms. At this point, each of Plaintiff's "concerns" are either premature, a misrepresentation, or unreasonable, and remain the subject of ongoing meet and confer efforts.

First, Plaintiff complains that there are few documents concerning why the Former Chief was terminated. What Plaintiff means, in reality, is that the City has not produced documents that fit her narrative. Plaintiff is aware deliberations concerning the Chief's termination occurred in closed session with counsel present, and not by email. Plaintiff also has agreed that the City will produce additional documents over the next two months.

Second, Plaintiff complains that the City has refused to collect documents from two City Attorneys. That is not true. Plaintiff fails to inform this Court that she has refused to articulate what non-privileged potential documents the City Attorneys might have beyond complaints she emailed to them (which have already been produced), or communications that are available (and

likely only relevant) to the extent other custodians sent or received that information.  The City remains willing to consider Plaintiff's position, but Plaintiff has not yet explained why searching City Attorneys' voluminous and overwhelmingly privileged emails is proportional to the needs of the case.

Third, Plaintiff complains that the City has refused to collect and review documents and text messages from personal devices.  This is not true.  The City has told Plaintiff's counsel repeatedly that the decision makers, including Police Commissioners who are part-time, volunteer officials with separate careers, have been asked to conduct a search of their personal devices, consistent with *City of San Jose v. Superior Court*, 2 Cal.5th 608 (2017)   Those searches have not revealed any responsive documents, but additional searches are in process.  Proportionate discovery cannot reasonably require the City to collect personal devices from multiple custodians, when those personal devices are used almost exclusively for non-City business, and when the individuals themselves have confirmed that their devices do not have responsive communications.

Fourth, there is no dispute concerning the production of documents about Plaintiff's performance.  The City has agreed to produce documents that discuss Plaintiff's job performance, and is unaware of any distance between the Parties' positions on this point.

There is nothing for the Court to address on any of these points.  To the extent the Court offers the parties guidance concerning discovery, the City asks that guidance take into account the reasonable needs of this single-plaintiff employment case.  Requiring the City to bear extraordinary discovery expenses is inconsistent with the Federal Rules of Civil Procedure, and will not lead to a better trial record.

Dated:  March 18, 2021

KEKER, VAN NEST & PETERS LLP

By:  /s/ *R. James Slaughter*
JOHN W. KEKER
R. JAMES SLAUGHTER
BRYN WILLIAMS
NICHOLAS GREEN

Attorneys for Plaintiff ANNE KIRKPATRICK

Dated: March 18, 2021

COBLENTZ PATCH DUFFY & BASS LLP

By: /s/ signature

KATHARINE VAN DUSEN
KENNETH NABITY
DONOVAN L. BONNER

Attorneys for Defendant THE CITY OF OAKLAND, CALIFORNIA

## **CERTIFICATION OF CONCURRENCE FROM ALL SIGNATORIES**

I, R. James Slaughter, am the ECF user whose ID and password are being used to file this Updated Joint Case Management Statement. In compliance with N.D. Cal. Civ. L.R. 5-1(i)(3), I hereby attest that I have obtained the concurrence of each signatory to this document.

                                                  */s/ R. James Slaughter*
                                                  R. James Slaughter