KEKER, VAN NEST & PETERS LLP
JOHN W. KEKER - # 49092
jkeker@keker.com
R. JAMES SLAUGHTER - # 192813
rslaughter@keker.com
BRYN WILLIAMS - # 301699
bwilliams@keker.com
NICHOLAS GREEN - # 323959
ngreen@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:     415 391 5400
Facsimile:      415 397 7188

Attorneys for Plaintiff ANNE KIRKPATRICK

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| ANNE KIRKPATRICK, | Case No. 3:20-cv-05843-JSC |
|---|---|
| Plaintiff, | **PLAINTIFF ANNE KIRKPATRICK'S NOTICE OF MOTION AND MOTION TO COMPEL ROBERT A. WARSHAW'S, WARSHAW & ASSOCIATES', AND POLICE PERFORMANCE SOLUTIONS' COMPLIANCE WITH SUBPOENAS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| v. | |
| THE CITY OF OAKLAND, CALIFORNIA, a public corporation, | |
| Defendant. | |
| | Date:    May 27, 2021<br>Time:    9:00 a.m.<br>Dept:    Courtroom E, 15th Floor<br>Judge:   Hon. Jacqueline S. Corley |
| | Date Filed: August 19, 2020 |
| | Trial Date: May 16, 2022 |

PLAINTIFF ANNE KIRKPATRICK'S NOTICE OF MOTION AND MOTION TO COMPEL ROBERT A. WARSHAW'S, WARSHAW & ASSOCIATES', AND POLICE PERFORMANCE SOLUTIONS' COMPLIANCE WITH SUBPOENAS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
Case No. 3:20-cv-05843-JSC

1672339

## NOTICE OF MOTION AND MOTION

Please take notice that on May 27, 2021, at 9:00 a.m., or as soon thereafter as this matter can be heard by the Hon. Jacqueline S. Corley in Courtroom E of the above-entitled Court, located at 450 Golden Gate Avenue, San Francisco CA 94102, Plaintiff Anne Kirkpatrick ("Plaintiff") will and hereby moves as follows:

Pursuant to the Federal Rules of Civil Procedure, Rule 45, Plaintiff moves for an Order Compelling Compliance with Subpoenas served on non-party Robert A. Warshaw ("Mr. Warshaw") and his wholly-owned entities Warshaw & Associates and Police Performance Solutions, LLC.  In the alternative, this Court should prohibit the City from relying on, introducing, or otherwise referring to at trial or in connection with any dispositive motion, evidence regarding the Negotiated Settlement Agreement or to Mr. Warshaw (including his roles as Compliance Director and Monitor). This motion is brought pursuant to Rule 45 of the Federal Rules of Civil Procedure on the grounds that Mr. Warshaw has refused to respond to Plaintiff's subpoenas in *Anne Kirkpatrick v. The City of Oakland, California*, Northern District of California Case No. 3:20-cv-05843-JSC.

This Motion is based on this Notice of Motion and Motion to Compel Mr. Warshaw's Compliance with Subpoenas, the attached Memorandum of Points and Authorities, the Declaration of R. James Slaughter and accompanying exhibits, all pleadings and papers on file herein, and upon such further oral and documentary evidence as may be presented at or before the hearing on this Motion.

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 37-1

Pursuant to Local Rule 37-1, Plaintiff hereby certifies that her counsel has corresponded with counsel for Mr. Warshaw both by teleconference and in writing regarding the subpoenas, including two formal meet and confer calls to address the subpoenas on March 19, 2021 and April 5, 2021, and that such attempts to resolve the discovery issue were unsuccessful.  *See* Declaration of R. James Slaughter ("Slaughter Decl.") at ¶¶ 4, 8.  Plaintiff is aware of the Court's standing order that parties first present discovery disputes by way of informal discovery letter.

1

PLAINTIFF ANNE KIRKPATRICK'S NOTICE OF MOTION AND MOTION TO COMPEL ROBERT A. WARSHAW'S, WARSHAW & ASSOCIATES', AND POLICE PERFORMANCE SOLUTIONS' COMPLIANCE WITH SUBPOENAS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
Case No. 3:20-cv-05843-JSC

1672339

1  Plaintiff's counsel discussed this rule with counsel for Mr. Warshaw, who indicated that
2  regardless of the outcome of an informal conference, he would need an order from the Court
3  before Mr. Warshaw would comply with a subpoena. *Id*. at ¶ 8.  Therefore, Plaintiff has filed this
4  motion without first filing an informal discovery letter.

Dated:  April 22, 2021

KEKER, VAN NEST & PETERS LLP

By:  /s/ *R. James Slaughter*
JOHN W. KEKER
R. JAMES SLAUGHTER
BRYN WILLIAMS
NICHOLAS GREEN

Attorneys for Plaintiff
ANNE KIRKPATRICK

2
PLAINTIFF ANNE KIRKPATRICK'S NOTICE OF MOTION AND MOTION TO COMPEL ROBERT A.
WARSHAW'S, WARSHAW & ASSOCIATES', AND POLICE PERFORMANCE SOLUTIONS' COMPLIANCE
WITH SUBPOENAS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
Case No. 3:20-cv-05843-JSC

1672339

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

Robert Warshaw is a critical percipient witness in Chief Kirkpatrick's retaliation lawsuit against the City of Oakland. Appointed by the Court, Mr. Warshaw serves as the federal Monitor and Compliance Director of the Oakland Police Department ("OPD"), positions he held throughout Chief Kirkpatrick's tenure in Oakland.  In those roles, he is charged by the Court with Monitoring and ensuring the OPD's compliance with an almost two-decades-old Negotiated Settlement Agreement ("NSA") that resolved the matter *Allen v. City of Oakland*. The NSA binds the City of Oakland to make certain reforms to the OPD.  In his roles, Mr. Warshaw regularly interacts with members of Oakland City leadership and he has commented both publicly and privately on the performance of the OPD and its employees, including Chief Kirkpatrick.  Among other powers, Mr. Warshaw can deny Department promotions, alter assignments, and make other personnel changes; discipline or demote the Department's deputy chiefs and assistant police chief; and fire the Police Chief. It is notable that Mr. Warshaw did not choose to exercise his authority to fire Chief Kirkpatrick.

The City has alleged that OPD's compliance with the NSA was a factor in its decision to fire Chief Kirkpatrick.  *See, e.g.* Slaughter Decl., Ex. J p. 6.  Moreover, after her firing, Mr. Warshaw released a report about the 2018 shooting of Joshua Pawlik by Oakland Police Officers that criticizes the actions of Mayor Libby Schaaf and Chief Kirkpatrick.  The City has indicated that it will attempt to use this report – and related statements made by Mr. Warshaw – as a post-hoc excuse for its retaliatory firing. The City has already relied upon on Mr. Warshaw's response to this investigation in claiming that "[b]oth the Police Commission and Monitor (acting as Compliance Director) chose to exercise their oversight authority and conducted independent review and analysis. Both overruled Plaintiff's decision and recommended termination for the four shooters and the lieutenant supervisor." *Id.*[1]

---

[1] Mr. Warshaw's findings in the Pawlik shooting were contrary to those of the Police Department Executive Force Review Board and the Oakland Community Police Review Agency.  Indeed, in the March 1, 2021 "Step 3" grievance response, City representative Jeff Sloan reviewed the Warshaw report and nevertheless recommended that the officers be reinstated with back pay.

3

Chief Kirkpatrick served subpoenas on Mr. Warshaw and his wholly-owned entities through which he works as Monitor and Compliance Director. Mr. Warshaw has refused to comply with the subpoena, arguing that orders issued in *Allen* prohibit him from "testify[ing] and/or respond[ing] to subpoenas or documents in other matters relating to the City and OPD, except as authorized by the Court." Slaughter Decl., Ex. D. Confronted with this situation, Chief Kirkpatrick requested that the City agree to "not rely upon, introduce, or otherwise refer at trial or in connection with any dispositive motion, to evidence regarding the Negotiated Settlement Agreement or to Mr. Warshaw (including his roles as Compliance Director and Monitor), including but not limited to his involvement in matters pertaining to the Pawlik shooting." Slaughter Decl., ¶ 6. The City refused.

It would be fundamentally unfair and a violation of due process to allow the City to use Mr. Warshaw's testimony, documents, reports, the City's compliance with the NSA, or the testimony of others mentioning, citing or relying on anything Mr. Warshaw did or did not do, or said or did not say as a sword against Chief Kirkpatrick while using prior Court orders as a shield to prohibit Chief Kirkpatrick from collecting contemporaneous documents and test the City's evidence through cross examination. *See Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 176 (1970) (explaining that the "right to confront, cross-examine and impeach adverse witnesses" is a "fundamental right[] sought to be preserved by the Seventh Amendment…"); *see also Apple Inc. v. Samsung Elecs. Co.*, No. 11-CV-01846-LHK, 2015 WL 3863249, at *7 (N.D. Cal. June 19, 2015) ("[P]arties in litigation may not abuse [a] privilege by asserting claims the opposing party cannot adequately dispute unless it has access to the privileged materials"); *Ching v. Mayorkas*, 725 F.3d 1149, 1156 (9th Cir. 2013) ("[i]n almost every setting where important decisions turn on questions of fact, due process requires an opportunity to confront and cross-examine adverse witnesses") (citing *Goldberg v. Kelly*, 397 U.S. 254, 269 (1970)).

Thus, Plaintiff respectfully requests that the Court compel Mr. Warshaw and the entities he controls to comply with Chief Kirkpatrick's subpoenas. In the alternative, Plaintiff requests that the Court preclude Defendant from calling Mr. Warshaw as a witness or otherwise referring

4

PLAINTIFF ANNE KIRKPATRICK'S NOTICE OF MOTION AND MOTION TO COMPEL ROBERT A. WARSHAW'S, WARSHAW & ASSOCIATES', AND POLICE PERFORMANCE SOLUTIONS' COMPLIANCE WITH SUBPOENAS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
Case No. 3:20-cv-05843-JSC

1672339

to the NSA, the City's compliance with the NSA, or any communications between Mr. Warshaw and any City employee at trial or in connection with any dispositive motion.

## II. STANDARD

Rule 45 subpoenas are subject to Rule 26, which recognizes that "[i]nformation is discoverable . . . if it is relevant to any party's claim or defense and is proportional to the needs of the case." Fed. R. Civ. P. 26 Advisory Committee's note to 2015 amendment; *see also Waymo LLC v. Uber Techs., Inc.*, No. 17-cv-00939-WHA(JSC), 2017 WL 2929439, at *2 (N.D. Cal. July 7, 2017) ("The scope of discovery under Rule 45 is the same as under Rule 26(b)."). The relevance standard is broad, encompassing any information "reasonably calculated to lead to the discovery of admissible evidence," which is "an intentionally broad mandate." *Brown Bag Software v. Symantec Corp.,* 960 F.2d 1465, 1470 (9th Cir. 1992) (citing Fed. R. Civ. P. 26(b)(1)). Moreover, district courts are "vested with broad discretion to make discovery and evidentiary rulings conducive to the conduct of a fair and orderly trial." *Campbell Indus. v. M/V Gemini*, 619 F.2d 24, 27 (9th Cir. 1980). This broad discretion includes "exclud[ing] testimony of witnesses whose use at trial . . . would unfairly prejudice an opposing party." *Id.*

## III. ARGUMENT

Plaintiff seeks information from Mr. Warshaw that is both relevant and proportional to the needs of the case. This Court is entitled to permit the disclosure of such information at its discretion and should do so here. In the alternative, this Court should forbid the introduction of any evidence concerning Mr. Warshaw.

*First*, the information sought by the subpoenas is relevant: They seek information that bears directly on Plaintiff's claims that she was fired in retaliation for whistleblowing activity and that will refute the City's defenses that she was fired for non-retaliatory reasons. Slaughter Decl., Ex. A-C. This includes information related to the Department's compliance with the NSA, Chief Kirkpatrick's job performance, the Pawlik shooting, and the City's decision to terminate Plaintiff's employment after blowing the whistle on Police Commission misconduct. *Id.* These are all events that Mr. Warshaw has direct knowledge of, they are all events that Chief

5
PLAINTIFF ANNE KIRKPATRICK'S NOTICE OF MOTION AND MOTION TO COMPEL ROBERT A. WARSHAW'S, WARSHAW & ASSOCIATES', AND POLICE PERFORMANCE SOLUTIONS' COMPLIANCE WITH SUBPOENAS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
Case No. 3:20-cv-05843-JSC

1672339

Kirkpatrick expects the City to center in its case, and they are all events that Mr. Warshaw has refused to testify about.

*Second*, the subpoenas are proportional: They seek only information that relates to Plaintiff's performance as Police Chief and the reasons why the City may have fired her. Slaughter Decl., Ex. A-C. The subpoenas also focus primarily on events that transpired during Plaintiff's tenure as Police Chief – a tiny fraction of Mr. Warshaw's time as federal Monitor. *Id*. And to the extent the subpoenas seek information outside of that timeframe, they are limited to the year immediately before and after Plaintiff's tenure as Police Chief. *Id.*

Because of the court order in *Allen*, however, Plaintiff cannot discover any of this relevant information from Mr. Warshaw – nor depose him or cross examine him about it at trial – without first moving to compel his production and attendance. *See Id.*, Ex. E ("The Monitor shall not testify and/or respond to subpoenas or documents in other matters relating to the City and OPD, except as authorized by the Court."). It is doing so in this motion.

The orders in *Allen* protect Mr. Warshaw from being dragged into ancillary or abusive litigation that would interfere with his court-mandated duty to ensure that the City of Oakland comply with the law or that would unfairly call into question the Monitor's impartiality. For example, the first order in *Allen* outlining the Monitor's duties and responsibilities with respect to litigation recites that "The Monitor shall not be retained by any current or future litigant or claimant in a claim or suit against the City and its employees." *Id.*, Ex. This suggests an overriding concern with preventing the Monitor from being used as a tool to advance the agenda of either the City, on one hand, or its employees, on the other.

This litigation – which seeks to expose illegal activities by individuals entrusted with oversight of the OPD – has no potential for such interference in the duties of the Monitor. This litigation also presents a situation where, absent a court order granting this motion to compel or a court order excluding evidence relating to the Monitor, the words and actions of Mr. Warshaw will be used in one-sided fashion to exonerate the City of illegal misdeeds. Accordingly, Mr. Warshaw should be compelled to respond to Chief Kirkpatrick's subpoena.

6

PLAINTIFF ANNE KIRKPATRICK'S NOTICE OF MOTION AND MOTION TO COMPEL ROBERT A. WARSHAW'S, WARSHAW & ASSOCIATES', AND POLICE PERFORMANCE SOLUTIONS' COMPLIANCE WITH SUBPOENAS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
Case No. 3:20-cv-05843-JSC

1672339

Should the Court disagree, the City should not be permitted to rely on Mr. Warshaw's work or the City's compliance with the NSA to support its defenses. In fact, this resolution is called for by the court orders that establish the position of the Monitor. *See, e.g. Id.*, Ex. F, which firmly establish that "communications by the Monitor… are confidential." *Id.; see also id.,* Ex. G (holding that conversations between the Monitor and Police Chief regarding the disciplining of Police Officers are confidential).

Indeed, in circumstances such as these, courts routinely exercise their discretion to exclude testimony that would unfairly prejudice one party.  *See IceMOS Tech. Corp. v. Omron Corp.*, No. CV-17-02575-PHX-JAT, 2020 WL 1083817, at *1 (D. Ariz. Mar. 6, 2020) (permitting exclusion of witness testimony where witnesses did not appear for depositions to avoid unfair prejudice); *Stringer v. City of Pablo*, No. C 07-03544 MEJ, 2009 WL 5215396, at *2 (N.D. Cal. Dec. 28, 2009) (granting motion to exclude any evidence, including testimony, from witnesses who failed to appear for depositions); *Harrington v. Disney Reg. Entmt., Inc.*, No. 02-cv-1145 CAP, 2004 WL 5492717, at *1 (N.D. Ga. Dec. 8, 2004) (ordering that if non-party witness continued to fail to appear for deposition, his testimony would be excluded at trial).

If the Court does not compel Mr. Warshaw's compliance with Plaintiff's subpoena, it should follow the same course as the courts above and use its "broad discretion" to prohibit the City from relying on, introducing, or otherwise referring to at trial or in connection with any dispositive motion, evidence regarding the Negotiated Settlement Agreement or to Mr. Warshaw (including his roles as Compliance Director and Monitor), including but not limited to his involvement in matters pertaining to the Pawlik shooting. *See Campbell*, 619 F.2d at 27.

**IV.    CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court grant its motion to compel discovery from Mr. Warshaw and compel Mr. Warshaw to comply with the subpoena Plaintiff issued on March 9, 2021.

7

PLAINTIFF ANNE KIRKPATRICK'S NOTICE OF MOTION AND MOTION TO COMPEL ROBERT A. WARSHAW'S, WARSHAW & ASSOCIATES', AND POLICE PERFORMANCE SOLUTIONS' COMPLIANCE WITH SUBPOENAS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
Case No. 3:20-cv-05843-JSC

1672339

Dated: April 22, 2021               KEKER, VAN NEST & PETERS LLP

                                By:   /s/ *R. James Slaughter*
                                      JOHN W. KEKER
                                      R. JAMES SLAUGHTER
                                      BRYN WILLIAMS
                                      NICHOLAS GREEN

                                      Attorneys for Plaintiff
                                      ANNE KIRKPATRICK

8
PLAINTIFF ANNE KIRKPATRICK'S NOTICE OF MOTION AND MOTION TO COMPEL ROBERT A. WARSHAW'S, WARSHAW & ASSOCIATES', AND POLICE PERFORMANCE SOLUTIONS' COMPLIANCE WITH SUBPOENAS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
Case No. 3:20-cv-05843-JSC

1672339