UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANNE KIRKPATRICK,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF OAKLAND, CALIFORNIA,<br><br>Defendant. | Case No. 20-cv-05843-JSC<br><br>**ORDER RE: MOTION TO COMPEL NON-PARTY ROBERT WARSHAW TO RESPOND TO SUBPOENAS**<br><br>Re: Dkt. No. 37 |

Anne Kirkpatrick, the former Chief of the Oakland Police Department, brings retaliatory discharge and First Amendment claims against her former employer, the City of Oakland. In connection with her lawsuit, Chief Kirkpatrick served two subpoenas on non-party Robert A. Warshaw, Warshaw & Associates, and Police Performance Solutions LLC seeking documents related to Mr. Warshaw's work as the court-appointed Monitor and Compliance Director in *Allen, et al. v. City of Oakland, et al.*, No. 00-cv- 4599 WHO, Dkt. No. 973 (N.D. Cal.). Mr. Warshaw answered that he was unable to respond to the subpoenas because the court's orders in *Allen* precluded him from doing so. (Dkt. No. 37-1 at 121-22.) Plaintiff thereafter filed the now pending motion to compel Mr. Warshaw to respond to the subpoenas. (Dkt. No. 37.) For the reasons set forth below, the Court VACATES the May 28, 2021 hearing on the motion to compel and REFERS the question of whether Mr. Warshaw is permitted to respond to the subpoenas based on the court's orders in *Allen* to Judge Orrick, the presiding judge in *Allen*.

According to the Amended Memorandum of Understanding re: Post-NSA Terms and Conditions entered in the *Allen* case on June 27, 2011:

> The Monitor may testify in this case regarding any matter relating to the implementation, enforcement or dissolution of this AMOU. The Monitor shall

> not testify and/or respond to subpoenas or documents in other matters relating to the City and OPD, *except as authorized by the Court*.

*Allen*, No. 00-4599, Dkt. No. 620. Mr. Warshaw insists that he cannot respond to Plaintiff's subpoenas "except as authorized by the Court." (Dkt. No. 40.) Plaintiff does not contest Mr. Warshaw's position, but instead, maintains that this Court—the undersigned—can and should order Mr. Warshaw to comply with the subpoenas.[1] (Dkt. No. 41 at 6.) This Court, however, lacks the authority to do so.

The Order Approving the Amended Memorandum of Understanding in *Allen* refers to the "Court" with a capital C several times including where it states that "[t]he AMOU provides for the Court to continue to exercise jurisdiction of this action for all purposes, consistent with the goal of achieving institutional reform," and that "[t]he Monitor will be the agent of the Court and shall be subject to the supervision and orders of the Court." (Dkt. No. 37-1, Ex. E (ECF 123-134), at ¶¶ 8, 17; *Allen*, No. 00-4599, Dkt. No. 620 at ¶¶ 8, 17.) Thus, at paragraph 18 when its states "[t]he Monitor shall not testify and/or respond to subpoenas or documents in other matters relating to the City and OPD, except as authorized by the Court" the order is likewise referring to the Court in *Allen*—then Judge Henderson and now Judge Orrick. *Allen*, No. 00-4599, Dkt. No. 620.

Accordingly, the Court refers the question of whether Mr. Warshaw is "authorized" to respond to the subpoenas and, if so, to what extent, to Judge Orrick. To the extent that Judge Orrick authorizes Mr. Warshaw to respond to the subpoena(s), Mr. Warshaw's time to object to the subpoena(s) shall run from that order. Under the unique circumstances of this case, and, in particular, a court order prohibiting Mr. Warshaw from responding to any subpoenas, the Court

---

[1] Nor is there any dispute that Mr. Warshaw is the Monitor governed by the 2011 order. In 2012, the *Allen* court appointed a Compliance Director who would "serve until this case is terminated or until otherwise ordered by the Court" and who has "the same rights and privileges as have already been agreed to and/or ordered with respect to the Monitor, including those relating to testifying in this or other matters, confidentiality, and access to information and personnel." *Allen*, No. 00-4599, Dkt. No. 885 at 2. The court's order stated that the Monitor's duties and responsibilities "remain unchanged and will stay in effect until this case is terminated" unless otherwise ordered. *Id*. at 3. In 2014, "all authority previously vested by the Court" in the previously-appointed Compliance Director was "transferred to the Court-appointed Monitor, Robert S. Warshaw." *Allen*, No. 00-4599, Dkt. 973 at 2.

finds that there has been no waiver of objections.

**IT IS SO ORDERED.**

Dated: May 21, 2021

                                                JACQUELINE SCOTT CORLEY
                                                United States Magistrate Judge