UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANNE KIRKPATRICK,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF OAKLAND, CALIFORNIA,<br><br>　　　　Defendant. | Case No. 20-cv-05843-JSC<br><br>**PUBLIC RELATIONS CONSULTANT PRIVILEGE DISPUTE**<br><br>Re: Dkt. No. 75 |

Pending before the Court is a discovery dispute joint letter regarding Plaintiff's insistence that certain communications with her public relations consultant are privileged from discovery. (Dkt. No. 75.) Having reviewed the parties' written arguments and the pleadings in this action, as well as having conducted an *in camera* review of exemplar communications chosen by each side, the Court concludes that oral argument is not required. *See* N.D. Cal. Civ. L.R. 7-1(b).

**LEGAL STANDARD**

Federal law governs application of the privilege in this case. (Dkt. No. 65 at 1.) Chief Kirkpatrick, as the party resisting discovery, bears the burden of proving that the withheld documents are protected by the attorney-client or work-product privileges and that the privilege has not been waived. *See Weil v. Investment/Indicators, Research & Mgmt., Inc.*, 647 F.2d 18, 25 (9th Cir. 1981). The communications at issue all involve Chief Kirkpatrick, attorney Rocky Lucia and/or attorneys from Keker, Van Nest and Peters (KVP), and a public relations consultant, Sam Singer.

In general, disclosure of a communication to a third party, such as a public relations consultant, waives the attorney-client privilege. *See Lights Out Holdings, LLC v. Nike, Inc.*, No. 14-CV-872 JAH (NLS), 2015 WL 11254687, at *3 (S.D. Cal. May 28, 2015) (citing *In re Pacific*

*Pictures Corp.*, 679 F.3d 1121, 1126-27 (9th Cir. 2012)). However, "where disclosure to the third party is necessary for the attorney to render sound legal advice, the privilege is not waived." *Id.* "The critical question when considering whether a third party is an agent of the attorney—thus extending the privilege—is whether a communication to that party was made for a legal purpose." *Id.* (cleaned up).

"The work product doctrine protects from discovery documents and tangible things prepared by a party or his representative in anticipation of litigation." *United States v. Richey*, 632 F.3d 559, 567 (9th Cir. 2011). To qualify for work-product protection, documents must: (1) be "prepared in anticipation of litigation or for trial, and (2) be prepared "by or for another party or by or for that other party's representative." *In re Grand Jury Subpoena (Mark Torf/Torf Envtl. Mgmt,* 357 F.3d 900, 907 (9th Cir. 2004) (cleaned up).

> In circumstances where a document serves a dual purpose, that is, where it was not prepared exclusively for litigation, then the "because of" test is used. Dual purpose documents are deemed prepared because of litigation if in light of the nature of the document and the factual situation in a particular case, the document can be fairly said to have been prepared or obtained because of the prospect of litigation. In applying the because of standard, courts must consider the totality of the circumstances and determine whether the document was created because of anticipated litigation, and would not have been created in substantially similar form but for the prospect of litigation.

*Richey*, 632 F.3d at 567-68. In the context of a public relations consultant, one district court has explained this dual purpose rule as follows: To withhold a document or communication made for both PR advice and litigation strategy, a party must show that the document "would not have been created in substantially similar form but for the prospect of litigation," and that "the litigation purpose so permeates any [PR] purpose that the two purposes cannot be discretely separated from the factual nexus as a whole." *Lights Out Holdings, LLC,* 2015 WL 11254687, at *4 (cleaned up).

## ANALYSIS

Having reviewed the exemplar communications *in camera*, the Court finds that all are protected by the attorney-client or attorney work-product privileges. First, the communications show that KVP retained Mr. Singer as early as February 2020 to assist with anticipated litigation. Second, the documents establish that Mr. Singer did, in fact, assist with the conduct of the

litigation. Third, the communications also establish that while some of the communications were for a public relations purpose, that public relations purpose was part of a litigation strategy and the communications "would not have been created in substantially similar form but for the prospect of litigation." *Lights Out Holdings, LLC,* 2015 WL 11254687, at *4 (cleaned up). "[T]he litigation purpose so permeates any [PR] purpose that the two purposes cannot be discretely separated from the factual nexus as a whole." *Id.*

Further, the communications show that attorney Rocky Lucia was acting as an attorney on behalf of Chief Kirkpatrick. While his interests in advising the Chief were no doubt aligned with his representation of the Oakland Police Officers Association, that representation does not mean that he could not also have an attorney-client relationship with her. The Court also finds that those communications that discuss the Special Master were made as part of Chief Kirkpatrick's litigation strategy.

This Order disposes of Docket No. 75.

**IT IS SO ORDERED.**

Dated: January 14, 2022

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge