UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANNE KIRKPATRICK,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF OAKLAND, CALIFORNIA,<br><br>    Defendant. | Case No. 20-cv-05843-JSC<br><br>**ORDER FOLLOWING PRETRIAL CONFERENCE**<br><br>Re: Dkt. Nos. 112, 113, 116, 117, 118, 119, 136, 137 |

The Court held a Pretrial Conference in this matter on April 28, 2022. This Order confirms the matters discussed at the Conference and addresses additional trial matters.

**I. Motions in Limine**

For purposes of Plaintiff's Labor Code retaliatory discharge claim, Plaintiff must prove by "a preponderance of the evidence, that retaliation for an employee's protected activities was a contributing factor" in the decision to terminate her. *Lawson v. PPG Architectural Finishes, Inc.*, 12 Cal. 5th 703, 718 (2022). If she does so, "the burden shifts to the [City] to demonstrate, by clear and convincing evidence, that it would have taken the action in question for legitimate, independent reasons even had the plaintiff not engaged in protected activity." *Id.* When courts "refer to a same-decision showing, we mean proof that the employer, in the absence of any discrimination, would have made the same decision *at the time it made its actual decision*." *Harris v. City of Santa Monica*, 56 Cal. 4th 203, 224 (2013) (emphasis in original). Likewise, for her First Amendment claim, the question is whether "the relevant speech was a substantial or motivating factor in the adverse employment action." *Barone v. City of Springfield, Or.*, 902 F.3d 1091, 1098 (9th Cir. 2018). As such, information that was unknown to the Police Commission or Mayor at the time they made the termination decision is generally not relevant to liability. As

1  discussed at the pretrial conference, such evidence may be relevant to damages, but the Court will

2  address that issue separately at the May 12 further pretrial conference.  With this legal framework

3  in mind, the Court rules as set forth at the pretrial conference and below.

**A. Plaintiff's Motions in Limine**

**1. MIL 1 to Exclude Warshaw Documents and Certain Testimony (Dkt. No. 112)**

Plaintiff's motion to exclude all evidence or argument related to Robert Warshaw that the Police Commissioners or Mayor were not aware of prior to their decision to terminate Plaintiff is GRANTED.  Unless the Police Commissioners or Mayor testify that they were aware of Plaintiff's complaints regarding Mr. Warshaw, evidence of the complaints is irrelevant or, to the extent there is some limited relevance, its probative value is substantially outweighed by its likelihood to confuse and/or mislead the jury and prejudice Plaintiff.  Exhibits B and C are therefore excluded. (Ex. B (Dkt. Nos. 111-2 at 56), Ex. C (Dkt. No. 111-2 at 59). [1])  However, Plaintiff may open the door to the use of these exhibits by denying that she ever believed that Mr. Warshaw played a role in the termination of her employment.

The City does not intend to offer Exhibit I.  (Ex I. (Dkt. No. 111-2 at 61).) Exhibit D is excluded except as to the first two paragraphs.  (Ex. D (Dkt. No. 114-1 at 60).)  Exhibit E is excluded except that it may come in as to damages (in which case Trial Exhibits 451, 452, and 453) may also be relevant.  (Ex. E. (Dkt. No. 114-1 at 62).)  The parties shall consider the Court's question regarding phasing damages and be prepared to discuss their positions at the further pretrial conference on May 12.

**2. MIL 2 to Exclude Job Posting Documents and Testimony (Dkt. No. 113)**

Plaintiff's motion to exclude evidence of the City's Chief of Police job posting and testimony is DENIED.  (Ex. H (Dkt. No. 114-1 at 117).)  The job posting is one piece of evidence regarding the scope of the Chief's job duties.  It is not akin to the broad generic job description at issue in *Garcetti v. Ceballos*, 547 U.S. 410, 424 (2006).

---

[1] Record Citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the document.

### 3. Plaintiff's Trial Brief Request to Exclude Brendon Woods

Plaintiff moves to exclude Brendon Woods from testifying because the City did not identify him on its Amended GO 71 disclosures and did not provide a description of his testimony until after the motion in limine deadline. If, after the discussion at the pretrial conference, the City still intends to call Brendon Woods, the City must make an offer of proof regarding his testimony. The Offer of Proof must be provided to Plaintiff and filed on the docket by May 11, 2022.

### B. The City's Motions in Limine

#### 1. MIL 1 to Exclude Mr. Finnell and Mr. Alden's Testimony (Dkt. No. 116)

The City seeks to preclude Mr. Finnell from testifying at trial. Mr. Finnell was the interim director of the Oakland Community Police Review Agency ("CPRA") who was terminated by the Police Commission over a year before Plaintiff. In a footnote, the City also asks to exclude evidence that Mr. Finnell's successor, Mr. Alden, was likewise terminated by the Police Commission in March 2022. (Dkt. No. 116 at 6.)

Plaintiff contends that evidence of Mr. Finnell and Mr. Alden's terminations is admissible to prove motive or intent under Federal Rule of Evidence 404(b)(2). That is, that evidence of their terminations provides circumstantial evidence of retaliatory motive in this case because as Plaintiff, Mr. Finnell and Mr. Alden were terminated shortly after reporting Police Commissioner misconduct. There has, however, been no determination that either Mr. Finnell or Mr. Alden were terminated because they reported misconduct—to the contrary, the City argues that both were terminated for performance-related issues. Thus, evidence of their terminations would require a trial within this trial to show that they were, or were not, terminated in retaliation for whistleblowing activity. Any probative value is thus outweighed by its prejudicial value and, in particular, confusing the issues and undue delay. *See* Fed. R. Evid. 403. Further, the Police Commission members who supported Mr. Alden's termination were not even on the Commission at the time of Plaintiff's termination; thus, Mr. Alden's termination does not provide relevant circumstantial evidence of retaliatory motive.

Plaintiff's insistence that Mr. Finnell's testimony will be short is of no moment. His "short" testimony can no more assist the jury in deciding whether he was terminated in retaliation

1   for a complaint as opposed to, for example, his telling Commissioner Harris he was "tired of your
2   shit," than this case can fairly be decided based on Plaintiff's "short" testimony alone.  (Dkt. No.
3   121, Finnell Depo. 36:18-37:12.)  The cases on which Plaintiff relies do not persuade the Court
4   otherwise.  As Plaintiff conceded at the hearing, none of the cited cases involved allowing "me
5   too" evidence to prove a claim of unlawful termination in retaliation for whistleblowing activity.
6   While *Goldsmith v. Bagby Elevator Co.*, 513 F.3d 1261 (11th Cir. 2008), involved a racial
7   discrimination retaliation claim, the court affirmed admission of the "me too" evidence of four
8   other employees as relevant to the plaintiff employee's claim of hostile work environment, to
9   rebut the employer's "good faith" defense by showing that its antidiscrimination policy was
10  ineffective, and as probative of intent of the common decisionmaker involved in termination of
11  plaintiff and these other four employees. *Id.* at 1286-87.  Only the last reason is relevant to this
12  case, but in *Goldsmith* there were *four* other employees terminated by the *same single*
13  *decisionmaker*. These facts are not close to the circumstances of the proffered testimony here. *See*
14  *also Heyne v. Caruso*, 69 F.3d 1475, 1479 (9th Cir. 1995) (plaintiff sought to introduce testimony
15  from five other female employees who alleged they were sexually harassed); *Stallworth v. Nike*
16  *Retail Servs., Inc.*, 2021 WL 6618781, at *3-4 (C.D. Cal. Dec. 1, 2021) (allowing evidence that
17  five other employees complained of racial discrimination by the same individual).  Allowing Mr.
18  Finnell to testify would result in a distracting and potentially time-consuming mini-trial as to the
19  validity of his contentions regarding his termination, and any probative value of his testimony is
20  substantially outweighed by the undue prejudice.
21          Accordingly, the City's MIL No. 1 is GRANTED.
22          **2. MIL 2 to Preclude Plaintiff from Calling Certain Witnesses (Dkt. No. 117)**
23          The City seeks to exclude testimony from five witnesses that Plaintiff has identified as
24  having knowledge regarding her job performance: Nancy O'Malley, Bobby Hookfin, Eric Milina,
25  Sekou Millington, and Bishop Bob Jackson.  The City insists their testimony is irrelevant since
26  none of these individuals was a decisionmaker with respect to Plaintiff's termination and any
27  probative value to their testimony would be outweighed by the prejudice.
28          Plaintiff counters that their testimony is relevant to the City's "same decision" defense.

4

1    That is true only if they testify about information regarding Plaintiff's performance of which the
2    Police Commissioners or Mayor would have been aware prior to the termination decision—just as
3    with the evidence regarding Mr. Warshaw. *See Harris*, 56 Cal. 4th at 224.  If Plaintiff contends
4    that they will testify to information known to the Mayor or the Police Commissioners, she must
5    make an offer of proof to this effect. With respect to Nancy O'Malley, to the extent that she
6    intends to testify regarding Plaintiff's handling of the Pawlik shooting, such testimony is only
7    relevant if she shared her perceptions with the Mayor or Police Commissioners prior to Plaintiff's
8    termination.

9    The City's MIL No. 2 is GRANTED without prejudice to Plaintiff making an offer of
10   proof as discussed above.  Any such offer of proof must be shared with Defendant and filed on the
11   docket by May 11, 2022.

**3. MIL 3 to Exclude the Audit Report and Auditor Testimony (Dkt. No. 118)**

13   The City seeks to exclude the City Auditor's Audit Report of the Oakland Police
14   Commission and the Community Police Review Agency (Dkt. 124 at 90) on relevance and
15   hearsay grounds.  Measure LL, which created the Police Commission, required the City Auditor to
16   evaluate the Police Commission and CPRA's progress in meeting their mandates no later than two
17   years after the first set of Commissioners were confirmed.  The Audit came out in June 2020, three
18   months after Plaintiff's termination.  The City also seeks to preclude the City Auditor from
19   testifying on the grounds that she has not been identified as an expert and she has no relevant
20   percipient testimony to offer.

21   The Audit is not relevant to Plaintiff's Section 1102.5(b) or First Amendment claims
22   except for the finding that the Police Commission was required by municipal ordinance to conduct
23   a performance review of the Chief of Police, but it did not so do. (Dkt. No. 124 at 117-118.)  This
24   statement is non-hearsay under Fed. R. Evid. 801(d)(2).  The City's objection to the Auditor's
25   testimony is overruled as follows.  The Auditor can testify that Measure LL requires the Auditor to
26   conduct an evaluation of the Commission annually.  She conducted that evaluation, and as part of
27   it found that the Commission did not evaluate the performance of the Chief as required. However,
28   she cannot testify as to her recommendations as her findings regarding the Commission are not

relevant to Plaintiff's claims. The Auditor can also testify as a percipient witness to receipt of Plaintiff's complaints and what she did with them. Finally, the Auditor can testify regarding the function and structure of the Police Commission.

Accordingly, the City's MIL No. 3 is GRANTED IN PART and DENIED IN PART.

**4. MIL 4 to Exclude Testimony from Ms. Dibley and Ms. Hom (Dkt. No. 119)**

The City moves to preclude two City employees—Allison Dibley and Stephanie Hom—from testifying regarding their experiences with the Police Commission. This motion is moot as Plaintiff indicates that she does not intend to call either Ms. Dibley or Ms. Hom as witnesses. Accordingly, the City's MIL No. 4 is DENIED WITHOUT PREJUDICE to renewal should Plaintiff call either witness.

**II. Other Matters**

**A. Issues Raised in the Parties' Trial Briefs**

The Court will not reopen discovery to allow Plaintiff to take additional depositions or to allow discovery into the School Incident. The Court also declines to exclude evidence of the School Incident.

For purposes of Plaintiff's First Amendment claim, the City has not waived presentation of a defense under the *Pickering v. Bd. of Ed. of Twp. High Sch. Dist*., 391 U.S. 563, (1968), balancing test. Plaintiff can point to no case where a defendant was precluded from presenting evidence under the *Pickering* balancing test at trial because it was not pled as an affirmative defense.

For purposes of *Monell* liability, given the information currently before the Court, the Mayor and the Police Commission jointly made the decision to terminate Chief Kirkpatrick. That the Mayor could have made the decision on her own is not relevant since that is not what happened here.

With respect to the two legal issues that the Court must decide: (1) was Plaintiff's speech on a matter of public concern, and (2) whether Plaintiff must identify the law or rule she contends was violated as part of her case-in-chief, Plaintiff shall file her briefs on these issues on May 4 and the City shall submit its oppositions on May 11.

**B. Jury Selection**

The Jury Office will include the parties' case-specific questions in their juror questionnaire. (Dkt. No. 134.) The Court will provide the parties with the survey responses on May 11, 2022. The parties should be prepared to discuss the survey responses at the further pretrial conference on May 12, 2022. The parties have stipulated to excuse unvaccinated jurors (fewer than two shots). The Court will seat 9 jurors and all jurors will deliberate.

**C. Trial Schedule**

The trial day will be from 8:30 a.m. to approximately 3:00 p.m., which includes a 45-minute lunch break. There will be no trial on May 19 and on May 20 trial will go 8:30 a.m. to 1:30 p.m. with no lunch break. Counsel shall arrive at 8:00 a.m. every day to discuss any issues/objections outside the presence of the jury. Each side has 15 hours for direct and cross examination. Opening statements are limited to 45 minutes per side. Any limitations on closing arguments will be discussed closer to the trial's end.

**D. Further Pretrial Conference**

The Court sets a further pretrial conference for May 12, 2022 at 2:00 p.m. in Courtroom 8, 450 Golden Gate Ave., San Francisco, California. The parties may set up their courtroom technology following the pretrial conference.

This Order disposes of Docket Nos. 112, 113, 116, 117, 118, 119, 136, 137.

**IT IS SO ORDERED.**

Dated: May 3, 2022

JACQUELINE SCOTT CORLEY
United States District Judge