KEKER, VAN NEST & PETERS LLP
JOHN W. KEKER - # 49092
jkeker@keker.com
R. JAMES SLAUGHTER - # 192813
rslaughter@keker.com
JULIA L. ALLEN - # 286097
jallen@keker.com
NICHOLAS GREEN - # 323959
ngreen@keker.com
MARIA F. BUXTON - # 318563
mbuxton@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:    415 391 5400
Facsimile:    415 397 7188

Attorneys for Plaintiff ANNE KIRKPATRICK

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ANNE KIRKPATRICK,<br><br>                Plaintiff,<br><br>        v.<br><br>THE CITY OF OAKLAND, CALIFORNIA,<br>a public corporation,<br><br>                Defendant. | Case No. 3:20-cv-05843-JSC<br><br>**PLAINTIFF'S MEMORANDUM OF LAW REGARDING SECTION 1102.5 BURDEN**<br><br>Date:        May 12, 2022<br>Time:        2:00 pm<br>Dept.:       Courtroom 8, 19th Floor<br>Judge:      Hon. Jacqueline S. Corley<br><br>Date Filed: August 19, 2020<br><br>Trial Date:  May 16, 2022 |

1853698

## I.     INTRODUCTION

The Court ordered the parties to provide further briefing on whether Chief Kirkpatrick is required, under California Labor Code Section 1102.5(b), to identify a specific statute, rule, or regulation at trial to meet her burden to show she has "reasonable cause to believe" the conduct she reported violated the law. *See* Dkt. 146 (Tr. April 28, 2022 Hr'g) at 82–85; Dkt 147 at 6. Chief Kirkpatrick is not required to show the reasonableness of her belief that she was reporting unlawful conduct through testimony at trial that she had a specific statute in mind at the time she made her report.  Rather, her counsel can—and will—point to relevant law through attorney argument to underscore the reasonableness of her belief, not to establish that any particularly underlying law was actually violated by the reported conduct.

The California Legislature amended Section 1102.5 in the wake of the Enron scandal with the express purpose of "expanding employee protection against retaliation." *Lawson v. PPG Architectural Finishes, Inc.*, 12 Cal. 5th 703, 710–11 (2022) (citing Assem. Com. on Judiciary, Analysis of Sen. Bill No. 777 (2003–2004 Reg. Sess.) as amended May 29, 2003, p. 1). The interpretation of the statute implied by the City's proposed jury instructions—in which a whistleblower would need to know *at the time of her report* which statute had been violated and establish an actual violation of the law—would all but gut the statute and lead to the exact opposite of the Legislature's intent, since the vast majority of Californians have no likelihood of knowing what specific rule or statute may have been violated. The statute requires only that a plaintiff's belief that reported conduct is unlawful be reasonable; a defendant may cross examine the plaintiff on the reasonableness of that belief. But neither the statute nor the model jury instructions require, as an element of her case, that the plaintiff identify through testimony specifically which statute had been violated. Ordering Chief Kirkpatrick to do so would improperly increase her burden at trial and be contrary to the California Supreme Court's guidance in *Lawson*.

Moreover, in opposition to Defendant's summary judgement motion, Chief Kirkpatrick has already identified Oakland Municipal Code § 2.25.060(A)(2) to support her reasonable belief

1853698

1   that the NSC Incident, the Tow Incident, and School Incident[1] violated the law.  The Court

2   should instruct the jury with respect to that statute as part of the instruction regarding the essential

3   elements of the Section 1102.5 claim.  The parties may then argue to the jury whether the Chief's

4   belief that there had been a violation of law was reasonable.

5   **II.    ARGUMENT**

6       **A.    Section 1102.5 does not require that a plaintiff have a specific statute in mind
            when making protected reports.**

7           To succeed on her Labor Code Section 1102.5(b) claim, Chief Kirkpatrick must show she

8   had "reasonable cause to believe that the information [she reported] discloses a violation of state

9   or federal statute, or a violation of or noncompliance with a local, state, or federal rule or

10  regulation." Cal. Lab. Code § 1102.5(b). The "reasonable cause to believe" inquiry "involves

11  both a subjective component and an objective component." *Erhart v. BofI Holding, Inc.*, 269 F.

12  Supp. 3d 1059, 1072 (S.D. Cal. 2017) (analyzing substantially similar Sarbanes-Oxley statutory

13  text) (quoting *Rhinehimer v. U.S. Bancorp Invs., Inc.*, 787 F.3d 797, 811 (6th Cir. 2015)). While

14  the subjective component addresses whether the employee "actually believed that the conduct

15  complained of constituted a violation of . . . law," the objective component "is evaluated based on

16  the knowledge available to a reasonable person in the same factual circumstances with the same

17  training and experience as the aggrieved employee." *Id.* Neither the subjective component nor the

18  objective component of the "reasonable cause to believe" inquiry requires Chief Kirkpatrick point

19  to a specific statute, rule, or regulation at trial.

20          To meet her burden, Chief Kirkpatrick need only show that she reasonably believed she

21  was reporting "*unlawful activity*" at the time she made her reports. *Mokler v. Cty. of Orange*, 157

22  Cal. App. 4th 121, 138 (2007) (plaintiff must have "reasonably based suspicions of *illegal*

23  *activity*" (emphasis added)), *overruled on other grounds by Lawson*, 12 Cal. 5th at 718, n.2; *see*

24  *also Ross v. Cty. of Riverside*, 36 Cal. App. 5th 580, 592–593 (2019) ("[Section 1102.5(b)]

25  requires only that an employee disclose information and that the employee reasonably believe the

26

27  _____
    [1] As discussed in Plaintiffs' contemporaneously filed Response to Order Following Pretrial
    Conference, Chief Kirkpatrick intends only to proceed to trial on the NSC Incident, the Tow

28  Incident, the Formal Complaint (to the extent it encompasses the NSC and Tow Incidents), and
    the School Incident reports as protected activity.

information discloses *unlawful activity*." (emphasis added)). The statute does not require, as the City seems to suggest, that she have had a *specific statute* in mind at the time she made the reports.

The City's interpretation of the statute—that a plaintiff know the *precise law* being violated by conduct she reports when she reports it—makes no sense. Such a rule would effectively eviscerate Section 1102.5's protection. It would mean that, practically speaking, only practicing attorneys with a photographic and encyclopedic knowledge of the law would even have *a chance* at succeeding on a Section 1102.5 claim.  There is no doubt the Legislature intended whistleblower protection to extend further than that.  *See Lawson*, 12 Cal. 5th 703, 710–11.  If the Court adopts what appears to be the City's position, and requires Chief Kirkpatrick show she knew of a specific statute potentially being violated when she made her reports, the Court will effectively narrow Section 1102.5's protection out of existence.

In sum, the Court should not require that Chief Kirkpatrick identify through testimony her belief that some specific statute was violated at the time she made her reports.

**B.**      **Though Chief Kirkpatrick is not required to identify a statute, it would assist the jury to instruct them on what constitutes a violation of the relevant law.**

At trial, Chief Kirkpatrick will show not only that she believed the reported conduct was unlawful, but also that her belief was objectively reasonable. *See Erhart*, 269 F. Supp. 3d at 1072. One way she may do so is by referring to a specific statute, rule, or regulation that a reasonable person in her shoes would have believed was violated. *See Nolasco v. Scantibodies Lab., Inc.*, No. D071923, 2019 WL 926968, at *15 (Cal. Ct. App. Feb. 26, 2019) (unpublished) ("We recognize that a failure to identify a statute or regulation may be evidence that the employee's belief is unreasonable."). But she is not *required* to meet her burden that way at trial. *See id.* (denying directed verdict, rejecting argument that plaintiff is required to point to a specific law at trial); *Mokler*, 157 Cal. App. 4th at 138 (denying motion for new trial challenging sufficiency of evidence of reasonable belief, based on plaintiff's evidence other than statute). The CACI model jury instruction on Section 1102.5 reflects this understanding—it never suggests the jury must find the plaintiff referred to a specific statute, rule, or regulation in her report. *See* CACI No.

4603.[2]

Nonetheless, as the Court recognized in its Order on the City's Motion for Summary Judgment, Chief Kirkpatrick has already identified the relevant laws that support the reasonableness of Chief Kirkpatrick's belief that she was reporting unlawful conduct. *See* Dkt. 103 at 2–7 (finding reasonable jury could find Chief Kirkpatrick's belief was reasonable on all reports except the Liaison Assignment). Because Chief Kirkpatrick need not testify about her own familiarity with the statute, as explained above, discussion of the relevant law need not come in through witness testimony at trial. Instead, the jury should consider the issue through a jury instruction and accompanying attorney argument.

As such, the Court should instruct the jury as to what conduct constitutes a violation of the relevant law,[3] which is a purely legal question, at the end of its instruction on the elements of Section 1102.5. *See* Dkt. 131 at 18 (Pl.'s Disputed Jury Ins. No. 17). Chief Kirkpatrick proposes that the Court give the following instruction at the end of its instruction on the elements of Section 1102.5:

> I instruct you that it is a violation of the Oakland Municipal Code for a public servant to use his or her position, or the power or authority of his or her office or position, in any manner intended to induce or coerce any person to provide any private advantage, benefit, or economic gain to the public servant in question or to any other person.

*See* Oakland Municipal Code § 2.25.060(A)(2).[4]  In so instructing, the Court will aid the jury in understanding the law implicated by the reported conduct, and counsel for both parties may refer

---

[2] The relevant portion of CACI No. 4603 reads: "[That [name of plaintiff] had reasonable cause to believe that the information disclosed [a violation of a [state/federal] statute/[a violation of/noncompliance with] a [local/state/federal] rule or regulation];][.]"

[3] Because Chief Kirkpatrick has heeded the Court's guidance and narrowed the instances of protected activity that she will be pursuing at trial, Oakland Municipal Code § 2.25.060(A)(2) is the only statute, rule, or regulation at issue. *See* Pl.'s Resp. to Pretrial Conf. Order. Chief Kirkpatrick cited § 2.25.060(A)(2) in support of three of protected reports on which she intends to proceed at trial (the NSC Incident, the Tow Incident, and the School Incident), and as the Court already recognized at summary judgment, the Formal Complaint encompasses the Tow Incident and the NSC Incident. *See* Dkt. 103 at 7.

[4] This proposed instruction directly tracks the language in the code provision, with omissions to tailor it to the facts of this case: "No Public Servant or candidate for City Office may use his or her position or prospective position, or the power or authority of his or her office or position, in any manner intended to induce or coerce any person to provide any private advantage, benefit, or economic gain to the City Public Servant or candidate or any other person." Oakland Municipal Code § 2.25.060(A)(2).

4

1853698

1   to the instruction in debating the reasonableness of Chief Kirkpatrick's belief.

2       **C.      The Court should not use the City's Disputed Instructions Nos. 18, 20–27.**

3       By contrast to the above proposal, the City's Disputed Instruction Nos. 18, 20–27 are not

4   only legally incorrect, but will also mislead the jury into thinking Chief Kirkpatrick must try a

5   case-within-a-case on the lawfulness of the conduct described in each instance of protected

6   activity. The Court should not give these instructions at trial.

7       The City's Disputed Instruction No. 18 erroneously states that "[t]he plaintiff must be able

8   to point to some legal foundation for her suspicion—some statute, rule, or regulation that may

9   have been violated by the conduct she disclosed."  As explained above, this instruction adds an

10  element to Chief Kirkpatrick's burden at the trial stage that is not supported by the law. *See*

11  *Nolasco* at *14 (unpublished); *Mokler*, 157 Cal. App. 4th at 138. That is why the City had to craft

12  this instruction out of whole cloth—the model, CACI No. 4603, makes no mention of this alleged

13  "requirement." The CACI model instruction provides the jury with Chief Kirkpatrick's actual

14  burden: to show Chief Kirkpatrick's belief that reported conduct was unlawful was reasonable.

15  *See* CACI No. 4603. It is up to the jury to decide whether Chief Kirkpatrick has offered sufficient

16  evidence to show her belief was reasonable, with or without referencing a statue.

17      In a similar case in this district involving a Section 1102.5(b) claim against the City of

18  Oakland, the City proposed almost an identical jury instruction to what it proposes here—namely

19  including language requiring plaintiff to prove her belief was reasonable by identifying the statute

20  violated. *See Preston v. City of Oakland*, No. 14-cv-02022 NC (N.D. Cal.).[5] The court in *Preston*

21  properly rejected it, and instead instructed the jury that plaintiff must show she "had reasonable

22  cause to believe [the reported acts] were violations of or non-compliance with the law[.]" Buxton

23  Decl., Ex. B (Final Jury Instructions in *Preston*) at 7–8 (emphasis added).  The Court should take

24  the same approach here and reject the City's Disputed Instruction No. 18.

25

26  [5] Specifically, in *Preston* the City proposed the following language: "Plaintiff must prove
    that her disclosure of illegal activity and/or refusal to participate in said conduct was
27  based on her reasonable belief that the activity was a violation of state or federal law. To
    prove she had a reasonably belief, *Plaintiff must identify a state or federal statute, rule, or*
28  *regulation that was violated.*" Buxton Decl. Ex. A (City of Oakland's Proposed Jury
    Instructions in Preston) at 10 (emphasis added).

1     For the same reasons, the Court should reject the City's Disputed Instructions Nos. 20–27.

2 Nearly all of these instructions are irrelevant now that Chief Kirkpatrick has narrowed her case.

3 *See, supra*, n.3. And the City's Disputed Instruction No. 23, which addresses Oakland Municipal

4 Code § 2.25.060(A)(2), is erroneous because it includes the misleading and patently incorrect

5 statement that "[t]he plaintiff contends that certain conduct violated" a specific statute or rule. In

6 fact, Chief Kirkpatrick has not and need not "contend[] that certain conduct violated" any law. *See*

7 *Nejadian v. Cty. of L.A.*, 40 Cal. App. 5th 703, 719 (2019). The remainder of the instruction differs

8 only minimally from Chief Kirkpatrick's proposed instruction; however, Chief Kirkpatrick's jury

9 instruction is more appropriately tailored to the facts of this case.

## III.   CONCLUSION

11     Common sense dictates that Section 1102.5(b) should not, and does not, require a plaintiff

12 have a specific statute in mind when blowing the whistle on misconduct. Rather, a whistleblower

13 plaintiff can (but is not required to) point to a statute at trial to help show her belief that the

14 conduct was unlawful is reasonable. Chief Kirkpatrick's counsel can, and will, point to a relevant

15 section of the Oakland Municipal Code during argument to help explain why Chief Kirkpatrick's

16 testimony that she believed that she was reporting unlawful conduct is reasonable. As such, Chief

17 Kirkpatrick respectfully requests that the Court give Plaintiff's Disputed Instruction No. 17 with

18 the additional language proposed herein on page four, to properly assist the jury in understanding

19 why Chief Kirkpatrick's belief was reasonable, instead of the City's Disputed Instruction Nos. 18,

20 20–27.

Dated:  May 4, 2022                               KEKER, VAN NEST & PETERS LLP


                                        By:    /s/ *R. James Slaughter*
                                              JOHN W. KEKER
                                              R. JAMES SLAUGHTER
                                              JULIA L. ALLEN
                                              NICHOLAS GREEN
                                              MARIA F. BUXTON

                                              Attorneys for Plaintiff ANNE
                                              KIRKPATRICK

1853698