UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANNE KIRKPATRICK,<br><br>        Plaintiff,<br><br>    v.<br><br>CITY OF OAKLAND, CALIFORNIA,<br><br>        Defendant. | Case No.  20-cv-05843-JSC<br><br>**PROPOSED VERDICT FORM** |

We the jury answer the questions submitted to us as follows:

## I.  CLAIM 1: WRONGFUL DISCHARGE IN VIOLATION OF CAL. LABOR CODE § 1102.5

1. Did Ms. Kirkpatrick prove by a preponderance of the evidence that she disclosed information to the City of Oakland relating to Police Commissioner misconduct which she had reasonable cause to believe disclosed a violation of a local rule or regulation?

    ____ Yes ____ No

- *If you answered **yes** to question 1, then answer question 2.*
- *If you answered **no** to question 1, skip question 2 and go to question 4.*

//

//

2. Did Ms. Kirkpatrick prove by a preponderance of the evidence that her disclosure of information (which you found in answer to question 1 she had reasonable cause to believe disclosed a violation of a local rule or regulation) was a "contributing factor" in the City of Oakland's decision to discharge her?

____ Yes ____ No

- *If you answered **yes** to question 2, then answer question 3.*
- *If you answered **no**, skip question 3 and proceed to question 4.*

3. Did the City of Oakland prove by clear and convincing evidence that it would have discharged Ms. Kirkpatrick anyway at that time for legitimate, independent reasons?

____ Yes ____ No

- *Proceed to question 4.*

## II. CLAIM 2: VIOLATION OF FIRST AMENDMENT RIGHTS

4. Did Ms. Kirkpatrick prove by a preponderance of the evidence that she spoke as a private citizen and not as part of her official duties as a public employee?

____ Yes ____ No

- *If you answered **yes** to question 4, then answer question 5.*
- *If you answered **no** to question 4, proceed to Section III.*

5. Did Ms. Kirkpatrick prove by a preponderance of the evidence that her speech (which you found in answer to question 4 was made as a private citizen) was a substantial or motivating factor in her discharge?

  ____ Yes ____ No

- *If you answered **yes** to question 5, then answer question 6.*
- *If you answered **no** to question 5, proceed to Section III.*

6. Did the City of Oakland prove by a preponderance of the evidence that it would have terminated Ms. Kirkpatrick's employment at the time it did even in the absence of Ms. Kirkpatrick's speech (which you found in answer to question 5 was a substantial and motivating factor in her discharge)?

  ____ Yes ____ No

- *Proceed to Section III.*

III. **ACTUAL DAMAGES**

- *If you answered yes to questions 1 and 2 and no to 3, procced to question 7.*
- *If you answered yes to questions 4 and 5 and no to 6, proceed to question 7.*
- *Otherwise, do not answer question 7 and instead have the presiding juror sign and date this form on the last page.*

7. What are Ms. Kirkpatrick's economic and noneconomic damages?

  **Past Economic loss**
    Value of earnings, employment, and employment opportunities lost up to the present time: $ _____

3

**Future Economic loss**
Value of earnings, employment, and employment opportunities that with reasonable probability will be lost in the future: $ _____

**Noneconomic loss**
Pain, suffering, and emotional distress: $_____

*If you answered an amount greater than $0.00 to question 7, answer no further questions, and have the presiding juror sign and date this form on the last page. If you answer $0.00 or no damages to question 7, proceed to question 8.*

IV.   **NOMINAL DAMAGES**

8. If you answered yes to questions 1 and 2 and no to question 3, or yes to questions 4 and 5 and no to question 6, but answered $0.00 or no damages to question 7, you must award Ms. Kirkpatrick an amount of nominal damages not to exceed $1.00. What amount of nominal damages do you award Ms. Kirkpatrick?

   **Nominal Damages**: $_____

Signed: _____ Presiding Juror

Dated: _____

*After this verdict form has been signed, notify the clerk that you are ready to present your verdict in the courtroom.*