UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ANNE KIRKPATRICK,

Plaintiff,

v.

CITY OF OAKLAND, CALIFORNIA,

Defendant.

Case No.  20-cv-05843-JSC

**FINAL JURY INSTRUCTIONS**

**IT IS SO ORDERED.**

Dated:  May 26, 2022

JACQUELINE SCOTT CORLEY
United States District Judge

**JURY INSTRUCTION NO. 1**

**DUTY OF JURY**

Members of the Jury: Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you on the law that applies to this case. A copy of these instructions will be available in the jury room for you to consult if you find it necessary.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so at the beginning of this case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

United States District Court
Northern District of California

1
2

**JURY INSTRUCTION NO. 2**

**UNCONSCIOUS BIAS**

3   We all have feelings, assumptions, perceptions, fears, and stereotypes about others. Some

4   biases we are aware of, and others we might not be fully aware of, which is why they are called

5   implicit or unconscious biases. No matter how unbiased we think we are, our brains are hard-

6   wired to make unconscious decisions. We look at others and filter what they say through our own

7   personal experience and background. Because we all do this, we often see life and evaluate

8   evidence in a way that tends to favor people who are like ourselves, or who have had life

9   experiences like our own. We can also have biases about people like ourselves. One common

10   example is the automatic association of male with career and female with family. Bias can affect

11   our thoughts, how we remember what we see and hear, whom we believe or disbelieve, and how

12   we make important decisions.

13   As jurors, you are being asked to make an important decision in the case. You must one,

14   take the time you need to reflect carefully and thoughtfully about the evidence.

15   Two, think about why you are making the decision you are making and examine it for bias.

16   Reconsider your first impressions of the people and the evidence in this case. If the people

17   involved in this case were from different backgrounds, for example, richer or poorer, more or less

18   educated, older or younger, or of a different gender, gender identity, race, religion or sexual

19   orientation, would you still view them, and the evidence, the same way?

20   Three, listen to one another. You must carefully evaluate the evidence and resist, and help

21   each other resist, any urge to reach a verdict influenced by bias for or against any party or witness.

22   Each of you have different backgrounds and will be viewing this case in light of your own

23   insights, assumptions and biases. Listening to different perspectives may help you to better

24   identify the possible effects these hidden biases may have on decision making.

25   And four, resist jumping to conclusions based on personal likes or dislikes, generalizations,

26   gut feelings, prejudices, sympathies, stereotypes, or unconscious biases. The law demands that you

27   make a fair decision based solely on the evidence, your individual evaluations of that evidence, your

28   reason and common sense, and these instructions.

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 3**

**WHAT IS EVIDENCE**

The evidence you are to consider in deciding what the facts are consists of:

1. the sworn testimony of any witness;

2. the exhibits that have been admitted into evidence;

3. any facts to which the lawyers have agreed; and

4. any facts that I have instructed you to accept as proved.

**JURY INSTRUCTION NO. 4**

**WHAT IS NOT EVIDENCE**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

1. Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2. Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

3. Testimony that is excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

4. Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 5**

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence. By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned on garden hose, may provide a different explanation for the presence of water on the sidewalk. Therefore, before you decide that a fact has been proven by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

**JURY INSTRUCTION NO. 6**

**RULING ON OBJECTIONS**

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may have objected. If I overruled the objection, the question was answered or the exhibit received. If I sustained the objection, the question could not be answered, and the exhibit could not be received. Whenever I sustained an objection to a question, you must ignore the question and must not guess what the answer might have been.

**JURY INSTRUCTION NO. 7**

**STIPULATIONS OF FACT**

The parties have agreed to certain facts which were read to you. You must treat these facts as having been proved.

**JURY INSTRUCTION NO. 8**

**CREDIBILITY OF WITNESSES**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. In considering the testimony of any witness, you may take into account:

1. the opportunity and ability of the witness to see or hear or know the things testified to;

2. the witness's memory;

3. the witness's manner while testifying;

4. the witness's interest in the outcome of the case, if any;

5. the witness's bias or prejudice, if any;

6. whether other evidence contradicted the witness's testimony;

7. the reasonableness of the witness's testimony in light of all the evidence; and

8. any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 9**

**CLAIMS AND DEFENSES**

Plaintiff Anne Kirkpatrick, the former Oakland Police Chief, asserts two claims against the defendant, the City of Oakland.

First, she claims that the City of Oakland unlawfully terminated her for disclosing to the City of Oakland conduct she had reasonable cause to believe is unlawful.

Second, she claims that the City of Oakland violated her free speech rights by terminating her in retaliation for her making reports about a matter of public concern. Ms. Kirkpatrick has the burden of proving these claims.

The City of Oakland denies those claims and also contends that it would have terminated Ms. Kirkpatrick for legitimate, independent reasons even if she had never made any reports. The City of Oakland has the burden of proof on this affirmative defense.

Ms. Kirkpatrick denies that the City of Oakland would have terminated her for legitimate, independent reasons even if she had never made any reports.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

# JURY INSTRUCTION NO. 10

## CLAIM 1: WHISTLEBLOWER PROTECTION, CAL. LAB. CODE § 1102.5

### ESSENTIAL FACTUAL ELEMENTS

Ms. Kirkpatrick claims that the City of Oakland discharged her in retaliation for her disclosure of information of one or more unlawful acts. In order to establish this claim, Ms. Kirkpatrick must prove all of the following by a preponderance of the evidence:

1. That Ms. Kirkpatrick disclosed to the City of Oakland information relating to Police Commissioner misconduct;

2. That Ms. Kirkpatrick had reasonable cause to believe that the information disclosed a violation of a state or federal statute, or a local, state, or federal rule or regulation;

3. That Ms. Kirkpatrick's disclosure of information was a "contributing factor" in City of Oakland's decision to discharge Ms. Kirkpatrick;

4. That Ms. Kirkpatrick was harmed; and

5. That City of Oakland's conduct was a substantial factor in causing Ms. Kirkpatrick's harm.

A disclosure is protected even though disclosing the information may be part of Ms. Kirkpatrick's job duties.

A "contributing factor" includes any factor that, alone or in connection with other factors, tends to affect in any way the outcome of the decision. This means that Ms. Kirkpatrick may satisfy her burden of proving her disclosure of information was a contributing factor even if other, legitimate factors also contributed to the City of Oakland's decision to discharge her.

11

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 11**

**VIOLATION OF OAKLAND MUNICIPAL CODE § 2.25.060(A)(2)—DEFINED**

I instruct you that it is a violation of the Oakland Municipal Code § 2.25.060(A)(2) for a public servant to use his or her position, or the power or authority of his or her office or position, in any manner intended to induce or coerce any person to provide any private advantage, benefit, or economic gain to the public servant in question or to any other person.

**JURY INSTRUCTION NO. 12**

**CLAIM 1: AFFIRMATIVE DEFENSE, CAL. LABOR CODE § 1102.6**

**SAME DECISION**

If Ms. Kirkpatrick proves that her disclosure of information of an unlawful act was a contributing factor to her discharge, the City of Oakland is not liable if it proves by clear and convincing evidence that it would have discharged Ms. Kirkpatrick anyway at that time for legitimate, independent reasons.

**JURY INSTRUCTION NO. 13**

**CLAIM 2: SECTION 1983—INTRODUCTORY INSTRUCTION**

Ms. Kirkpatrick brings one of her claims under the federal statute, 42 U.S.C. § 1983, which provides that any person or persons who, under color of state law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JURY INSTRUCTION NO. 14**

**CLAIM 2: SECTION 1983—AGAINST LOCAL GOVERNING BODY DEFENDANTS**

**BASED ON ACT OF FINAL POLICYMAKER**

**ELEMENTS AND BURDEN OF PROOF**

In order to prevail on her § 1983 claim against defendant the City of Oakland alleging liability based on the act of a final policymaker, Ms. Kirkpatrick must prove each of the following elements by a preponderance of the evidence:

1.  The termination of her employment deprived Ms. Kirkpatrick of her particular rights under the United States Constitution as explained in later instructions;

2.  The Police Commission and Mayor had final policymaking authority from defendant the City of Oakland concerning these acts;

I instruct you that the Police Commission and Mayor had final policymaking authority from defendant the City of Oakland concerning termination of Ms. Kirkpatrick's employment, and, therefore, the second element requires no proof.

1

2

3

4

**JURY INSTRUCTION NO. 15**

**CLAIM 2: SECTION 1983, FIRST AMENDMENT**

**PUBLIC EMPLOYEE—SPEECH ON MATTER OF PUBLIC CONCERN**

5

6

7

8

As previously explained, Ms. Kirkpatrick has the burden of proving that the City of Oakland deprived her of particular rights under the United States Constitution. In this case, Ms. Kirkpatrick alleges the City of Oakland deprived her of her rights under the First Amendment to the Constitution when the City of Oakland terminated her employment.

9

10

Under the First Amendment, a public employee has a qualified right to speak on matters of public concern.

11

12

I instruct you that Ms. Kirkpatrick's speech involving the towing incident, reflected in Exhibit 13, is speech on a matter of public concern.

13

14

I further instruct you that Ms. Kirkpatrick's speech regarding the school incident, reflected in Exhibit 256, is speech on a matter of public concern.

15

16

17

18

19

I further instruct you that if you find that Ms. Kirkpatrick's speech regarding the NSC incident, reflected in Exhibit 12, disclosed a police commissioner's potential misuse of a public position that it is speech on an issue of public concern.  Ms. Kirkpatrick bears the burden of proving by a preponderance of the evidence that the NSC report disclosed a police commissioner's potential misuse of a public position.

20

21

22

23

24

Finally, I further instruct you that Ms. Kirkpatrick's October 11, 2019 formal complaint, reflected in exhibit 164, is speech on a matter of public concern to the extent it involves the towing incident.  I also instruct you that the formal complaint is speech on a matter of public concern to the extent it involves the NSC incident if you find the NSC incident disclosed a police commissioner's potential misuse of a public position.

25

26

27

28

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**JURY INSTRUCTION NO. 16**

**CLAIM 2: SECTION 1983, FIRST AMENDMENT**

**PUBLIC EMPLOYEE—ADDITIONAL ELEMENTS**

In order to prove the City of Oakland deprived Ms. Kirkpatrick of this First Amendment right, she must prove the following additional elements by a preponderance of the evidence:

1.  Ms. Kirkpatrick spoke as a private citizen and not as part of her official duties as a public employee;

2.  the City of Oakland discharged Ms. Kirkpatrick; and

3.  Ms. Kirkpatrick's speech was a substantial or motivating factor for her discharge. A substantial or motivating factor is a significant factor.

1

2

3

4

5

6

7

8

9

10

11

United States District Court
Northern District of California

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JURY INSTRUCTION NO. 17**

**CLAIM 2: SECTION 1983: PARTICULAR RIGHTS—FIRST AMENDMENT—**

**PUBLIC EMPLOYEE—SPEAKING AS A PRIVATE CITIZEN**

A plaintiff speaks as a public employee when he or she makes statements pursuant to his or her official duties. In contrast, a plaintiff speaks as a private citizen if the plaintiff had no official duty to make the statements at issue, or if the speech was not the product of performing the tasks the plaintiff was paid to perform.

In deciding whether a public employee was speaking as a citizen and not as part of his or her official duties, and thus whether his or her speech was constitutionally protected under the First Amendment, you may consider, without limitation, the following factors:

1. Did Ms. Kirkpatrick confine her communications to her chain of command? If so, then such speech may fall within her official duties. If not, then such speech may fall outside of her official duties.

2. Was the subject matter of the communication within Ms. Kirkpatrick's job duties? If so, then such speech may fall within her official duties. If not, then such speech may fall outside of her official duties.

3. Did Ms. Kirkpatrick speak in direct contravention to her supervisor's orders? If so, then such speech may fall outside of her official duties. If not, then such speech may fall within her official duties.

4. Was the subject matter of the communication about broad concerns over corruption or systemic abuse beyond the specific department, agency, or office where Ms. Kirkpatrick worked? If so, then such speech may fall outside of her official duties. If not, then such speech may fall within her official duties.

18

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

## JURY INSTRUCTION NO. 18

## CLAIM 2: AFFIRMATIVE DEFENSE

## SAME DECISION

If Ms. Kirkpatrick proves all three elements of her First Amendment retaliation claim as set forth in Instruction 16, then you must decide whether the City of Oakland would have terminated Ms. Kirkpatrick's employment at the time it did even in the absence of Ms. Kirkpatrick's speech.  The City of Oakland has the burden of proving this defense by a preponderance of the evidence.

**JURY INSTRUCTION NO. 19**

**BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE**

When a party has the burden of proving any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

# JURY INSTRUCTION NO. 20

## BURDEN OF PROOF—CLEAR AND CONVINCING EVIDENCE

When a party has the burden of proving any claim or defense by clear and convincing evidence, it means that the party must present evidence that leaves you with a firm belief or conviction that it is highly probable that the factual contentions of the claim or defense are true. This is a higher standard of proof than proof by a preponderance of the evidence, but it does not require proof beyond a reasonable doubt.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**JURY INSTRUCTION NO. 21**

**DAMAGES—PROOF**

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered. If you find for Ms. Kirkpatrick, you must determine Ms. Kirkpatrick's damages. Ms. Kirkpatrick has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by the City of Oakland. You should consider the following:

- The mental and emotional pain and suffering experienced and that with reasonable probability will be experienced in the future;

- The reasonable value of earnings, employment, and employment opportunities lost up to the present time;

- The reasonable value of earnings, employment, and employment opportunities that with reasonable probability will be lost in the future;

It is for you to determine what damages, if any, have been proved. Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

1

**JURY INSTRUCTION NO. 22**

2

**DAMAGES ARISING IN THE FUTURE—DISCOUNT TO PRESENT CASH VALUE**

3

4          Any award for future economic damages must be for the present cash value of those

5     damages.

6          Noneconomic damages such as mental and emotional pain and suffering are not reduced to

7     present cash value.

8          Present cash value means the sum of money needed now, which, when invested at a

9     reasonable rate of return, will pay future damages at the times and in the amounts that you find the

10    damages would have been received.

11          The rate of return to be applied in determining present cash value should be the interest

12    that can reasonably be expected from safe investments that can be made by a person of ordinary

13    prudence, who has ordinary financial experience and skill. You should also consider decreases in

14    the value of money that may be caused by future inflation.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

## JURY INSTRUCTION NO. 23

## NOMINAL DAMAGES

The law that applies to this case authorizes an award of nominal damages. If you find for Ms. Kirkpatrick but you find that she has failed to prove damages as defined in these instructions, you must award nominal damages. Nominal damages may not exceed one dollar.

**JURY INSTRUCTION NO. 24**

**NO PUNITIVE DAMAGES**

You must not include in your award any damages to punish or make an example of the City of Oakland. Such damages would be punitive damages, and they cannot be a part of your verdict.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

## JURY INSTRUCTION NO. 25

## DAMAGES—AFFIRMATIVE DEFENSE

## MITIGATION

Ms. Kirkpatrick has a duty to use reasonable efforts to mitigate damages. To mitigate means to avoid or reduce damages.

The City of Oakland has the burden of proving by a preponderance of the evidence:

1. that Ms. Kirkpatrick failed to use reasonable efforts to mitigate damages; and

2. the amount by which damages would have been mitigated.

**JURY INSTRUCTION NO. 26**

**DUTY TO DELIBERATE**

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court. You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous as to each issue submitted to you. Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views. It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**JURY INSTRUCTION NO. 27**

**USE OF NOTES**

  Some of you took notes during the trial. Whether or not you took notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of other jurors.

  You will have in the jury room the exhibits admitted into evidence.

**JURY INSTRUCTION NO. 28**

**COMMUNICATION WITH THE COURT**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the court staff, signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing. I will not communicate with any member of the jury on anything concerning the case except in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You should continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including the court—how the jury stands, whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to me.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

### JURY INSTRUCTION NO. 29

### RETURN OF VERDICT

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your presiding juror should complete the verdict form according to your deliberations, sign and date it, and advise the court that you are ready to return to the courtroom.